Tamar Terzian, Esq. (SBN 254148)
**TERZIAN LAW GROUP**
315 W. Arden Avenue
Glendale, Ca. 91203
Tel (818) 242-1100
Fax (818) 242-1012
terzian@kingobk.com

Attorney for Debtor

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re | Chapter 13 |
| DANA ANNE SMITH, | Case No. 9:15-bk-11523-PC |
| | **MOTION FOR COUNSEL, TERZIAN LAW GROUP, APC TO WITHDRAW AS COUNSEL OF RECORD FOR DEBTOR** |
| Debtor. | Date: September 24, 2015<br>Time: 10:00 A.M.<br>Ctrm: 201<br>1415 State Street<br>Santa Barbara, Ca 93101 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Movant, Tamar Terzian counsel for Debtor Dana Anne Smith in the above-captioned Chapter 13 case, hereby moves the Court for an order allowing her to withdraw and be relieved as counsel.

This motion is based upon the fact that Movant, as counsel for Debtor, feels obligated, pursuant to the California Code of Professional Conduct to withdraw as counsel. Debtor has notified counsel that her services are no longer required. Counsel, due to Debtor's refusal to cooperate and breach of the Retainer Agreement, is no longer able to effectively represent Debtor.

## POINTS AND AUTHORITIES

California Rules of Professional Conduct (CRPC) 3-700(A)(1) states that, where a tribunal requires its permission for counsel to withdraw from a case, such permission shall be sought.

Local Bankruptcy Rule (LBR) 2091-1(a)(1)requires counsel to seek permission of the Court to withdraw from a case. LBR 2091-1(b)(1) does not appear to allow counsel to simply file a substitution of attorney where the substitution will leave a debtor in pro per. In the instant case, Debtor has informed counsel in writing that his services are no longer required. There is no indication in the writing that another attorney will take over the case. Thus, this motion appears to be necessary pursuant to the Local Bankruptcy Rules.

CRPC 3-700(C)(6) state that, if counsel has a good faith belief that the tribunal in which the motion to withdraw is brought will find good cause, other than those specific causes listed therein, for allowing withdrawal, he is justified in withdrawing. In the instant case, counsel's client has indicated that he no longer wishes to be represented by counsel. The Court should find this fact to be good cause for allowing counsel to withdraw.

1    WHEREFORE, Movant prays the Court for an order granting

2    this motion and allowing her to withdraw and be relieved as

3    counsel for Debtor.

4

5    Dated: 8/7/2015                    **TERZIAN LAW GROUP, APC**

6

7                                       /s/ TAMAR TERZIAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DECLARATION OF TAMAR TERZIAN

I, Tamar Terzian, declare as follows:

1. The matters stated herein are so stated upon personal knowledge, and if called as a witness I could and would competently testify thereto.

2. I am an attorney admitted to practice before the above-entitled Court, and am the attorney of record for Debtor Dana Anne Smith in her pending Chapter 13 case, number 9:15-bk-11523-PC. The case was filed on July 27, 2015, an emergency case filing.

3. The deadline to file the 14 day schedules is August 10, 2015. As of date, the Debtor has failed to provide adequate information for counsel to prepare such schedules.

4. At the present time, Counsel was informed that the initial check sent by the Debtor for filing this bankruptcy case could not be deposited due closing of her account and/or insufficient funds. As such Counsel has not been paid for the Petition filing fee or preparation and review of the certain documents sent by the Debtor. Attached hereto as Exhibit "A" is a signed copy of the retainer agreement signed by the Debtor. Currently, Counsel is owed $3,000 for the work prepared including filing fee.

5. On August 7, 2015, I received a call from the Debtor indicating that she no longer wanted me to represent her in this Bankruptcy case. She failed to state whether she has another attorney and therefore I cannot complete a substitution of

4

attorney form without such information. I am unable to fulfill my obligations as counsel when my client no longer wants my services, specially where she fails to continuously provide the information my office has requested. Attached hereto as Exhibit "B" is our request for documents that remained outstanding.

7. Because of my duties imposed by the California Code of Professional Conduct and the Local Bankruptcy Rules, I believe that a motion to withdraw from the case is required before I may withdraw from the case.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Glendale, California.

Dated: 8/7/15

Tamar Terzian

5

# EXHIBIT "A"

## CHAPTER 13 EARNED UPON RECEIPT RETAINER AGREEMENT

This is an agreement between DANA SMITH ("Clients," or "Assisted Person") and TERZIAN LAW GROUP (the "Firm") (the "Retainer Agreement"). The Firm consists of attorneys licensed to practice law by the state of California, and before the United States District Court for the Central District of California Federal District Court(s) in which the attorneys are admitted to practice law.

Under Title 11 United States Code (the "Bankruptcy Code") the Firm is considered a debt relief agency which helps people file for bankruptcy relief under the Bankruptcy Code. Under the Bankruptcy Code the Firm and the Client are required to sign this written agreement which states and explains the services to be rendered on the Client's behalf by the Firm. This includes the nature and scope of the Firm's employment, and the method and calculation of the fee and cost that the Client shall pay for the Firm's services.

## AGREEMENT

The Firm agrees to prepare, file, and representing the Client in one chapter 13 bankruptcy case (the "Case") as well as negotiations of the sale of Real Property with the Chapter 7 Trustee and his Counsel. In exchange, the Client agrees to pay the Firm a retainer of $6,000.00. In addition, the Client will pay the Firm the filing fee required by the United States Bankruptcy Court to file the chapter 13 bankruptcy petition, which is $310.00 as of June 1, 2014. The retainer is earned in full upon receipt by the Firm and is being paid in consideration of the Firm undertaking the services required by this Retainer Agreement. Unless expressly waived by the Firm, the retainer must be paid by the Client before the Firm files the Client's bankruptcy petition.

If after the commencement of services, the Client changes his or her mind about proceeding with the chapter 13 bankruptcy case, at the request of the Client an itemized invoice will be prepared for Client's review showing the services rendered and costs advanced by the Firm. As the retainer is earned upon receipt, it shall not be returned to the Client. Nevertheless, the Client shall be responsible for any balance owing for services not included in the retainer fee. The Client will be required to pay any additional balance owing for additional services, as that term is defined below, and costs.

## SERVICES INCLUDED IN THE RETAINER

The Client retains the Firm to provide legal services to file a chapter 13 bankruptcy case, confirm a chapter 13 plan, and to assist the Client in obtaining a discharge of debts in the Case under the Bankruptcy Code. Accordingly, the retainer paid by Client includes the following services (the "Included Services"):

1) One to two initial consultation meetings of up to two hours duration total;

2) Analyze the Client's financial circumstances based upon the information and documentation provided by the Client;

3) Analyze and assess available state or federal exemption schemes available for individual debtors;

4) Provide routine information to inquiring creditors;

5) The first seven hours of time spent preparing and filing court papers necessary to commence a Case, including without limitation, Electronic Filing Declaration of Debtor (if applicable), the Statement of Social Security Number(s), Voluntary Petition, Exhibit C to Voluntary Petition, Statement of Related Cases, Notice of Available Chapters, Summary of Schedules, Schedules A, B, C, D, E, F, G, H, I, and J, Statement of Financial Affairs, the Chapter 13 Plan, Disclosure Of Compensation, Master Mailing Matrix, the B-22 Statement, Domestic Support Obligation Declaration, Certificate of Credit Counseling, Notices of Compliance With 11 U.S.C. §521(a)(1)(B)(iv); (b)(2), and Rights And Responsibilities Agreement Between Chapter 13 Debtors And Their Attorneys (if applicable);

6) Preparing and sending the Client copies of the initial filing documents identified in paragraph 5 above;

7) Preparing, filing, and serving the original chapter 13 plan (this service does not include any amended chapter 13 plans that may need to be prepared, filed and served);

8) Providing the chapter 13 trustee with verification of income and expenses (from documents the Client provides), and tax returns or tax transcripts for the requisite four years prior to filing;

9) Representing the Client one time at the meeting of creditors pursuant to 11 U.S.C. §341(a); and,

10) Representing the Client at the first hearing on confirmation of the original chapter 13 plan.

Chapter 13 Retainer Page No. 2

There are no "fixed" fees for a bankruptcy case. The retainer may not be the total fees earned, allowed, or paid in the Case. Additional services not included in the retainer may arise in connection with the Case. All services are measured in 1/10 of an hour increments. The Client agrees to pay for these additional services at the regular hourly rates charged by the Firm for its attorneys and paraprofessional at the following rates:

| | | |
|---|---|---|
| _____ | Attorney/Partner | $_____ per hour |
| _____ | Attorney/Partner | $_____ per hour |
| _____ | Attorney/Associate | $ 400.00 per hour |
| _____ | Paralegal | $_____ per hour |
| _____ | Law Clerk | $_____ per hour |

The forgoing rates charged for additional services not included in the retainer are subject to rate adjustment no more frequently than annually. Advance written notice of such rate changes shall be given. The adjusted rates shall apply to all services rendered after such notice is given and shall be stated in the invoices the Firm sends to the Client each month.

By this agreement Client consents, understands, and has been advised that the Client's representation at the Meeting of Creditors pursuant to 11 U.S.C. § 341(a) in all likelihood will be attended by an attorney from the Firm, but at the Firm's sole discretion the appearance will be made by an attorney designated by the Firm to make such appearance, whose name will be provided to the Client prior to the Meeting of Creditors. Client hereby agrees and consents to this form of representation.

Client further consents, understands, and has been advised that certain of the non-legal functions and services to be performed in their case may be accomplished by entities or individuals not directly employed by Terzian Law Group. Client further consents, understands and has been advised that compensation will be paid to these entities or individuals for such services including but not limited

to completion of interview questionnaires, collection of supporting documentation, organization of supporting documentation, preparation of the bankruptcy schedules, statement of affairs and other documents needed for filing of the bankruptcy petition.

In addition to paying legal fees, the Client shall reimburse the Firm for all costs and expenses the Firm incurs in connection with additional services not included in the retainer. Costs include, but are not limited to, the court filing fees as posted by the Court, photocopying at 20 cents per page, faxing at 1.00 dollar per page sent and received, scanning at 20 cents per page, postage at the rate posted by the United States Post Office, recording fees as posted by the County Recorder's Office, messenger fees of not less than 65 dollars per delivery, plus additional amounts as may be charged for rush delivery, process serving fees, and deposition transcript fees. The Firm may request that the Client advance extraordinary expenses for deposition fees or pay such fees directly.

All time expended on a case is billable time unless the services are defined above within "Included Services."

## ADDITIONAL SERVICES NOT INCLUDED IN THE RETAINER

This Agreement expressly excludes the Firm's services concerning matters not expressly noted above within the Included Services. The following matters are additional services not included in the retainer. The Client will be charged at the hourly rates stated above, plus costs, also as set forth above:

1) Consultation meeting time in excess of the initial two hours of consultation;

2) Time spent beyond the initial seven hours of time preparing and filing the Electronic Filing Declaration of Debtor (if applicable), the Statement of Social Security Number(s), Voluntary Petition, Exhibit C to Voluntary Petition, Statement of Related Cases, Notice of Available Chapters, Summary of Schedules, Schedules A, B, C, D, E, F, G, H, I, and J, Statement of Financial Affairs, the Chapter 13 Plan, Disclosure Of Compensation, Master Mailing Matrix, the B-22 Statement, Domestic Support Obligation Declaration, Certificate of Credit Counseling, Notices of Compliance With 11 U.S.C. §521(a)(1)(B)(iv); (b)(2), and Rights And Responsibilities Agreement Between Chapter 13 Debtors And Their Attorneys (if applicable);

Chapter 13 Retainer Page No. 4

3)    Amendments, changes, additions, or deletions to the Electronic Filing Declaration of Debtor (if applicable), the Statement of Social Security Number(s), Voluntary Petition, Exhibit C to Voluntary Petition, Statement of Related Cases, Notice of Available Chapters, Summary of Schedules, Schedules A, B, C, D, E, F, G, H, I, and J, Statement of Financial Affairs, the Chapter 13 Plan, Disclosure Of Compensation, Master Mailing Matrix, the B-22 Statement, Domestic Support Obligation Declaration, Certificate of Credit Counseling, Notices of Compliance With 11 U.S.C. §521(a)(1)(B)(iv); (b)(2), and Rights And Responsibilities Agreement Between Chapter 13 Debtors And Their Attorneys (if applicable);

4)    Preparing for and appearing at one or more continued meetings of creditors pursuant to 11 U.S.C. § 341(a) or chapter 13 plan confirmation hearings;

5)    Preparing, compiling and forwarding information requested by the chapter 13 trustee after the meeting of creditors pursuant to 11 U.S.C. § 341(a) or chapter 13 plan confirmation hearings;

6)    Reviewing, preparing for, appearing, and drafting responses, in defense of and against objections to plan confirmation;

7)    Reviewing, preparing for, appearing, and drafting responses, in defense of and against motions for relief from the automatic stay;

8)    Reviewing documents, preparing and filing claims on behalf of nondischargeable creditors, such as taxing agencies or student loan creditors who may not have filed claims, to enable plan participation;

9)    Analyzing and investigating claims to determine if objections to claims or plan modifications are required;

10)   Preparing for, objecting to (written objection), and appearing at objection to claims hearings;

11)   Preparing motions to modify a chapter 13 plan either before or after confirmation, and appearing at court hearings on modification motions;

12)   Preparing for and appearing at hearings on motions to authorize the sale of real or personal property or the refinancing of mortgages or other secured debt;

13)   Reviewing, preparing for, drafting responses, and appearing in defense of and against objections to confirmation of the chapter 13 plan;

14)   Preparing for and appearing at court ordered examinations (FRBP 2004 examination) or depositions (FRBP 7001), or responding to written discovery;

15)   Reviewing, preparing for, drafting responses to, and appearing in defense of and against motions dismiss the bankruptcy case;

Chapter 13 Retainer Page No. 5

16) Reviewing, preparing for, responding to, and appearing in opposition to motions challenging the Client's entitlement to one or more exemptions;

17) Drafting, preparing for, and appearing at hearings on motions to avoid involuntary liens; and,

18) Drafting, preparing for, and appearing at hearings on motions to compel or authorize the chapter 13 trustee to abandon property from the debtor's bankruptcy estate.

The above matters are not intended to be an exhaustive list of all additional services not included in the retainer, but is intended to document the most foreseeable matters that may arise in a bankruptcy case that are outside the scope of the Included Services. The Client agrees to compensate the Firm and pay all costs for all additional services rendered.

The Firm reserves the right to charge the Client up to 35.00 dollars for any charge arising from a returned check. The Firm further reserves the right to charge interest at a rate of ten percent (10%) per annum for the period thirty (30) days after a statement of fees and costs is sent to the Client as provided under this Retainer Agreement until paid.

## MATTERS EXCLUDED ENTIRELY FROM THIS AGREEMENT

This Retainer Agreement does not apply to any matters or proceedings other than the bankruptcy case specifically contemplated by this Retainer Agreement. Matters and proceedings specifically excluded from this Retainer Agreement includes, but is not limited to, the following:

1. State court litigation matters or appeals;

2. Prosecution or defense of adversary proceedings;

3. Bankruptcy or federal court appeals;

4. Representation in any other chapter 7, 11, or 13 bankruptcy case either by conversion, dismissal, or new filing; and,

5. Giving substantive legal advice regarding areas of law outside of bankruptcy and insolvency.

The Firm and the Client must enter into a separate written agreement, signed by the Client and the Firm, before the Firm will be required to provide such excluded services.

## OTHER CHAPTERS

The Client acknowledges that the Firm has advised the Client concerning the relief available under Chapters 7, 11, and 13 of Title 11 United States Code. Specifically, the Client has been made aware that the Client may be able to discharge his or her debts by filing a chapter 7 bankruptcy case. Nevertheless, the Client elects to file an individual reorganization plan — a chapter 13 bankruptcy case.

## ATTORNEY-CLIENT RELATIONSHIP

Client may discharge the Firm at any time by written notice. Client shall execute and return a Substitution of Attorney form to the Firm. The Firm will not perform any further services or advance any costs once the fully executed Substitution of Attorney form is filed with the court. Notwithstanding Client's discharging of the Firm, the Client has a continuing obligation to make payment on any and all outstanding fees and costs incurred by the Firm, and the Firm will seek Court approval payment of the Firms fees and costs as required by the Bankruptcy Code.

The Firm may withdraw at any time from any matter as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include without limitation, the following: (a) the client consents, or (b) the client's conduct renders it unreasonably difficult for the attorney to carry out the services effectively. Notwithstanding the Firm's withdrawal, Client will have a continuing obligation to make payment on any and all outstanding fees and costs incurred up through the effective date of our withdrawal.

Although it is not expected, if there is an allegation by a trustee, creditor, the court, the Office of the U.S. Trustee or any other party in interest of a false statement or failure to perform a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion by the Firm under 11 U.S.C. § 707(b)(4)(_) then the Client must retain other counsel in the Case. With the commencement of such a proceeding there arises an actual conflict of interest that cannot be waived and gives rise to an immediate right of the Firm to withdraw.

If the Client wishes to obtain his or her legal files from Firm, the Firm retains the right to photocopy such files at Client's expense before surrendering possession of the files to Client. The Client agrees to pay for the photocopying costs.

The Client acknowledges that this Retainer Agreement is effective only between Client and Firm. Since the Client is an individual, this Retainer Agreement covers only the individual and any sole proprietorship the Client may be operating or has operated. It does not include any legal services on behalf of any corporation, limited liability company, or partnership in which the Client may have an interest. Note, however, that if the Client has personally guaranteed debt of a corporation, limited liability company, partnership, or another individual, these may be obligations of the Client's bankruptcy estate. Therefore all information concerning those entities must be fully disclosed and discussed with the Firm.

## NO GUARANTEES OR TAX ADVICE

**DISCLAIMER OF GUARANTEE.** Nothing in this Retainer Agreement and nothing in any statements made by any member of the Firm, including any statements made in the course of any consultation, email, letter, pleading, document, or memorandum can or shall be construed, or are intended to be construed as a promise or a guarantee about the outcome of the Client's Case. Neither the Firm nor any member of the Firm has made any promises, guarantees, or comments about the outcome of Client's Case or any proceedings arising in the Case.

**NO TAX ADVICE.** The Firm does not give tax advice. The Firm makes neither representations nor warranties to Client with respect to the tax implications of filing the Case. The Firm strongly encourages the Client to consult with an accountant or tax attorney about tax issues arising in the Case, including, but not limited to discharge of taxes.

## COMMUNICATIONS AND COOPERATION

Client acknowledges that it is Client's responsibility and duty to provide the Firm with correct mailing addresses and telephone numbers so the Client can be contacted by the Firm. The Client

Chapter 13 Retainer Page No. 8

further acknowledges that they will inform the Firm of any change in address or telephone number, and will inform the Firm of any prolonged inaccessibility such as a vacation or illness. The Client will also keep the Firm informed of any changes in the Client's financial condition, interests in property, change in job, source of income.

## DISCLOSURE OF CREDITORS

Client acknowledges that it is the Client's responsibility and duty to furnish Firm, in writing, with the complete, current and correct names, addresses, amounts owed, account numbers and, where appropriate, telephone numbers for each of the Client's creditors. If a creditor has sent Client's account to a collection agency, the creditor is represented by an attorney, the creditor has assigned its interest to a third party, or is in any other way being represented by another party, Client should include on the list of creditors to be furnished to Firm not only the creditor information, but the collection agency, attorney, assignee, or representative and its address and telephone number. Client further acknowledges that failure to provide Firm with such information *may result in Client's failure to discharge those creditors not properly included in the Client's schedules*. The Client understands and agrees that their failure to fully and completely keep the Firm informed may lead to further and additional attorneys' fees and costs that are not within the Included Services.

## CLIENT'S FILE ACCESS AND DESTRUCTION

The Firm will store the Client's file after the conclusion of the Client's Case for up to five (5) years, unless the files are returned to the Client on request of the Client. Nevertheless, and despite any request by the Client for return of the Client files, the original executed copy of any electronically filed document shall be maintained by the Firm retained by the attorney for five (5) years after the closing the case, including, but not limited to, Electronic Filing Declaration, Statement Of Social Security Number(s), Petition, Schedules, Statements, and, if filing under chapter 13, the Plan. If the Client wishes to access a file held by the Firm, or to have the Firm access the file for any reason, including but not limited to retrieving original documents, obtaining copies of documents, or accessing any other information, the Firm reserves the right to charge Client for the cost it incurs in retrieving the file from storage, and to charge for its services as well as the cost of copying and postage.

Chapter 13 Retainer Page No. 9

Unless the Firm receives specific instructions to the contrary from the Client, the Firm reserves the right to destroy the Client's files five (5) years after the earlier of: 1) the Case has been completed and closed or 2) representation of the Client by the Firm has terminated. Note that the United States Attorney or United States Trustee has the duty to audit one in every 250 cases starting in January 2006. Therefore, the Firm urges the Client to retain all financial data and bankruptcy records for at least five (5) years.

## MEDIATION AND ARBITRATION OF DISPUTES

The Bankruptcy Court shall have jurisdiction over award of attorney fees and costs pursuant to 11 U.S.C. §330, and any disputes regarding services rendered under this Agreement, except if the Clients Chapter 13 case is dismissed. If the case is dismissed, the following provisions apply to this Agreement:

A.    Arbitration Of All Disputes.

Any controversy between the parties regarding the construction, application or performance of any services under this Retainer Agreement, and any claim arising out of or relating to this Retainer Agreement or its breach, shall be submitted to binding arbitration upon the written request of one party after service of the request on the other party. The parties shall appoint one person from the Mediation Program for Bankruptcy cases and Adversary Proceedings of the United States Bankruptcy Court, Central District of California (the "Mediation Program") to hear and determine the dispute.

If the parties cannot agree, then the Superior Court of Los Angeles County shall choose an impartial arbitrator from the Mediation Program. The decision of the arbitrator chosen by the court shall be final and conclusive on all parties.

The Firm and the Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with the Code of Civil Procedure, Section 1283.05. [Optional provision: The cost of arbitration, excluding legal fees and costs, shall be borne by the losing party or in such proportion as the arbitrator shall decide.] The parties shall bear their own legal fees and costs for [all claims, or contract claims, or tort claims]. The sole and exclusive venue for the arbitration and or any

Chapter 13 Retainer Page No. 10

legal dispute shall be Los Angeles County, California.

B.      Arbitration Of Fee Disputes.

Notwithstanding subparagraph A above, in any dispute subject to the jurisdiction of the State of California over attorney's fees, charges, costs or expenses, the Client has the right to elect arbitration pursuant to the fee arbitration procedure of the State Bar of California set forth California Business and Professional Code Section 6200, et. seq.. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If, after receiving a notice of client's right to arbitrate, the Client does not elect to proceed under the State Bar fee arbitration procedures, and file a request for fee arbitration within 30 days, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration as provided in subparagraph A above.

Because each party is giving up a right, Client is encouraged to have an independent lawyer of Client's choice review these arbitration provisions before agreeing to them.

By initialing below, the Client and the Firm confirm that they have read and understand subparagraph A. and B. above, and voluntarily agree to binding arbitration. In doing so, Client and Attorney voluntarily give up important constitutional rights to trial by judge or jury, as well as any right to appeal. Client is advised that the Client has the right to have an independent lawyer of the Client's choice review these arbitration provisions, and this entire agreement, prior to initialing this provisions or signing this Retainer Agreement.

_____ (Client initials here) _____ (Attorney initials here)

## ATTORNEYS' LIEN

Client hereby grants the Firm a lien on any recovery on all claims or causes of action that are the subject of Attorney's representation under this Retainer Agreement and against funds held by the chapter 13 trustee. The Firm's lien will be for any unpaid attorney fees and costs owing to the Firm at the conclusion of the Firm's services. The lien will attach to any recovery the Client may obtain,

Chapter 13 Retainer Page No. 11

whether by arbitration, judgment, settlement, motion for sanctions, and against all funds on deposit with the chapter 13 trustee and regardless of dismissal of the pending Case. Upon delivery to the chapter 13 trustee of a notice of lien pursuant to this Attorneys' Lien provision, the chapter 13 trustee shall distribute, to the Firm, funds that are being held that would otherwise be turned over to the Client. This paragraph shall be deemed to be an instruction by the Client to the chapter 13 trustee for the distribution of Client funds on deposit with the chapter 13 trustee. Client is advised to seek independent counsel in regards to the granting of this lien. By signing this Retainer Agreement the Client understands and agrees that they have been given the opportunity by the Firm to seek the advice of independent counsel, and that the Client has read and understands that the granting of this lien for attorney fees and costs is an adverse interest against their property based upon their full consent.

## ATTORNEYS' FEES CLAUSE

The prevailing party in any action or proceeding arising out of or to enforce any provision of this Agreement, with the exception of a fee arbitration or mediation under Business and Professions Code, Sections 6200-6206, will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

## ELECTRONIC COMMUNICATION

The Client has and will provide Firm with all available phone numbers, facsimile numbers and e-mail addresses for contact with the Client. By providing these means of communication the Client understands that the Firm will take all reasonable steps to ensure the privacy of the communication between the Client and the Firm. However, it shall be the responsibility of the Client to advise the Firm of the potential access to these forms of communication by third parties who may or may not be entitled to such communication. Please note that your e-mail address at your place of employment is not privileged. Your employer has the right to read all of your incoming and outgoing e-mails from your place of employment. Please advise the Firm if the e-mail address you have provided is accessible by any third party including your employer.

Chapter 13 Retainer Page No. 12

## MODIFICATION OF AGREEMENT

This Agreement may be modified by subsequent agreement of the parties hereto only by an instrument in writing signed by all parties.

## ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

## SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## EFFECTIVE DATE OF AGREEMENT

The effective date of this Agreement will be the date when the enclosed original copy is executed by Client where indicated below and returned to the Firm.

TERZIAN LAW GROUP

_____
Tamar Terzian

Executed this 27 day of July 2015, at Glendale, California.

_____
DANA SMITH

Chapter 13 Retainer Page No. 13

# EXHIBIT "B"

**Cynthia Meza**

| | |
|---|---|
| **From:** | Cynthia Meza |
| **Sent:** | Wednesday, August 05, 2015 10:21 AM |
| **To:** | Dana Smith |
| **Cc:** | 'tamar terzian' |
| **Subject:** | Chapter 13 Case |

**Importance:**        High

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | Dana Smith | | |
| | 'tamar terzian' | Delivered: 8/5/2015 10:21 AM | |
| | Tamar Kouyoumjian | | Read: 8/5/2015 10:35 AM |

Good Morning Ms. Smith,

 After review of the documents submitted by fax and email, the following documents are still required to prepare the remaining schedules:

- Seterus Mortgage Statement
- Estimated 2013 & 2014 Income received
- 2012, 2013 & 2014 Income Tax Returns *
- 6 month Profit & Loss Statement
- Current balance in all checking as of the date of filing: July 27, 2015
- Value of Florida Lot  and how many acres?
- Provide Siblings full address
- Mileage on all vehicles
- Declaration Page of Auto Insurance
- Declaration Page of Homeowner's Insurance
- Name of Business- address- nature of business- dates of operation

Please submit these documents to our office via email by noon on Thursday, August 6, 2015 to complete your petition or your case will be dismissed.

Thank you,

Cynthia

Cynthia Meza
*Terzian Law Group*
315 W. Arden Avenue Suite 28
Glendale, CA 91203
(818) 242-1100
Fax:(818) 242-1012

**Cynthia Meza**

---

| | |
|---|---|
| **From:** | Cynthia Meza |
| **Sent:** | Wednesday, August 05, 2015 11:50 AM |
| **To:** | Dana Smith |
| **Cc:** | 'tamar terzian' |
| **Subject:** | Bank Statements |

**Importance:**    High

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | Dana Smith | | |
| | 'tamar terzian' | Delivered: 8/5/2015 11:50 AM | |
| | Tamar Kouyoumjian | | Read: 8/5/2015 1:30 PM |

Morning Ms. Smith,

I've reviewed the bank statements, faxed yesterday. It appears the following statements are missing:

- Citibank account ending in 7740 January 2015 – March 2015
- Wells Fargo account missing January 2015-June 2015 (as listed in your questionnaire)

Please provide those documents via email.

Your questionnaire also states you have the following, please provide those documents as well:

- IRA/Pension/401(k)
- Lawsuit where in you are the Plaintiff

Thank you,

Cynthia


Cynthia Meza
*Terzian Law Group*
315 W. Arden Avenue Suite 28
Glendale, CA 91203
(818) 242-1100
Fax:(818) 242-1012

**Cynthia Meza**

| | |
|---|---|
| **From:** | Cynthia Meza |
| **Sent:** | Thursday, August 06, 2015 12:12 PM |
| **To:** | Dana Smith |
| **Cc:** | 'tamar terzian' |
| **Subject:** | Chapter 13 Case |
| **Attachments:** | draft of schedules.pdf |

**Importance:**    High

**Tracking:**    **Recipient**              **Delivery**

Dana Smith

'tamar terzian'                  Delivered: 8/6/2015 12:12 PM

Good Afternoon Ms. Smith,

  Please find the attached draft of your schedules for your review.  Below are the missing documents and/or information needed to complete your filing:

- Current balance in all checking as of the date of filing: July 27, 2015
- 6 month Profit & Loss Statement – January 2015-June 2015
- Profit & Loss Statement for July 2015
- Mileage on all vehicles
- Declaration Page of Auto and Homeowner's insurance
- Name of Business – address- nature of business dates of operation
- Lawsuit that you are a plaintiff in- case name, number, district
- IRA/Pension/401(k) Statement
- Citibank account ending in 7740 January 2015 – March 2015
- Wells Fargo account missing January 2015-June 2015 (as listed in your questionnaire)

  *Please note that your Schedule I shows only your rental income received, if you have any income from businesses we must show this to fund the plan.  If you do not have any other sources of business income, you will need a contribution declaration from someone stating they contribute monthly to your plan.  Kindly advise if you need a contribution declaration, we need to provide this to the Trustee along with their proof of income.

Thank you, Cynthia

Cynthia Meza
*Terzian Law Group*
315 W. Arden Avenue Suite 28
Glendale, CA 91203
(818) 242-1100
Fax:(818) 242-1012

**Cynthia Meza**

---

**From:**           Cynthia Meza
**Sent:**           Monday, July 27, 2015 4:41 PM
**To:**             Dana Smith
**Cc:**             Tamar Kouyoumjian
**Subject:**        RE: Chapter 13 Filing

**Importance:**     High

Good Afternoon Ms. Smith:

      Please provide the following documents to our office by Wednesday, July 29, 2015, so we may prepare the remaining bankruptcy schedules.  We have a deadline to file your schedules or your case will be dismissed.

- 6 months proof of income /Profit & Loss Statement
- 2011, 2012, 2013 and 2014 Tax Returns
- 6 months of bank statements on all accounts
- List of all properties on title
- Declaration Page of Auto Declaration
- Rental Agreement
- Proof of Rental Receipts
- Complete Questionnaire
- Copy of Driver's License and Social Security Card

Thank you

Cynthia

Cynthia Meza
*Terzian Law Group*
315 W. Arden Avenue Suite 28
Glendale, CA 91203
(818) 242-1100
Fax:(818) 242-1012

| In re: | CHAPTER: **13** |
| **Dana Anne Smith** | |
| Debtor(s). | CASE NUMBER: **9:15-bk-11523-PC** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**315 West Arden Avenue Suite 28**
**Glendale, CA 91203**

A true and correct copy of the foregoing document entitled (*specify*):  **MOTION FOR COUNSEL, TERZIAN LAW GROUP, APC TO**
**WITHDRAW AS COUNSEL OF RECORD FOR DEBTOR**_____  will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:


1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On __8/7/2015___, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:
      **Elizabeth (ND) F Rojas (TR)    cacb_ecf_nd@ch13wla.com**
      **Ramesh Singh    claims@recoverycorp.com**
      **Tamar Terzian    terzian@kingobk.com, cynthia@kingobk.com**
      **United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov**

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On __8/7/2015___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

      **Hon. Peter Carroll**
      **US Bankruptcy Judge**
      **1415 State Street, #230**
      **Santa Barbara, CA 93101**

☑ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each**
**person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/7/2015 | Cynthia Meza | /s/Cynthia Meza |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

bel Matrix for local noticing
73-9
se 9:15-bk-11523-PC
ntral District Of California
nta Barbara
d Aug  5 12:16:51 PDT 2015

Northern Division
1211 State Street
Santa Barbara, CA 93101-2511

Allied Credit/Alliance One
Attn: Bankruptcy
Po Box 2449
Gig Harbor, WA 98335-4449

ase
1 N. Walnut St//Del-1027
lmington, DE 19801-2920

Chase
Po Box 15298
Wilmington, DE 19850-5298

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

llsborough County Tax Collector
 Box 30012
mpa, FL 33630-3012

Kimberly S. Hysni
13825 Camino Del Suelo
San Diego, CA 92129-4433

MARKOTSIS & LIEBERMAN
115B Broadway Suite 2
Hicksville, NY 11801-4276

fice of Treasurer, Suffolk County
0 Center Drive
verhead, NY 11901-3311

Seterus
PO Box 4121
Beaverton, OR 97076-4121

Tivoli Cove Homeowners
c/o Westcom Property Services
20631 Ventura Boulevard
Woodland Hills, CA 91364-2382

acey Allyson McCauley
05 Tuscany Drive
llsborough, NC 27278-7690

United States Trustee
Riverside Division
3685 Main Street, Suite 300
Riverside, CA 92501-2804

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

rizon
0 Technology Dr Ste 30
ldon Spring, MO 63304-2225

Westley Madriota Madriota
167 East Shore Road
Huntington, NY 11743-1128

Xerox Suffol
800 Washington Ave
Baltimore, MD 21230-2344

na Anne Smith
664 Seagull Way
it B216
libu, CA 90265-4528

Elizabeth (ND) F Rojas (TR)
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403-5342

Tamar Terzian
Terzian Law Group
315 W Arden Ave Suite 28
Glendale, CA 91203-1150

d of Label Matrix
ilable recipients    20
passed recipients     0
tal                  20