| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Austin P. Nagel, Esq. #118247<br>LAW OFFICES OF AUSTIN P. NAGEL<br>111 Deerwood Rd., Suite 305<br>San Ramon, CA 94583<br>(925) 855-8080 phone (925) 855-8090 (fax)<br>melissa@apnagellaw.com<br><br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>DANA ANNE SMITH | CASE NO.: 9:15-bk-11523-PC<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM: |

**Movant**: Tracey McCauley, Kimberly Hysni, and Westey Smith Mandriota, individually, and in their capacity as co-successor trustees of the Gloria M. Smith Grantor Ten Year Retained Trust

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☒ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 1                                    **F 4001-1.RFS.NONBK.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _August 20, 2015_

LAW OFFICES OF AUSTIN P. NAGEL
Printed name of law firm (if applicable)

Austin P. Nagel
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 2                          F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other *(specify)*: Petitioner

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Petition for the Removal of Debtor as Trustee of Smith Trust(abv)

   b. *Docket number*: 2013-3264/B

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Surrogate's Court Suffolk County, New York

   d. Causes of action or claims for relief (Claims):
      Petition for Removal of Dana Smith, Trustee of the Gloria M. Smith, Grantor Ten Year Retained Income Trust

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on *(date)*  07/27/2015  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(date)* _____.

   c. ☐ A plan was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 3                          F 4001-1.RFS.NONBK.MOTION

f.  ☒  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☒  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☒  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☒  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☐  Other (*specify*):


5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):


6.  **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☐  Other evidence (*specify*):


7.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☐  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested: Relief to sell the East Point Property owned by the Trust, and subject to mounting property taxes and foreclosure by Suffolk County tax authorities.

Date: _August 20, 2015_

LAW OFFICES OF AUSTIN P. NAGEL
_____
Printed name of law firm (*if applicable*)

Austin P. Nagel
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 5                    **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Kimberly Hysni _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☒ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (title and capacity):
    ☐ Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☐ Defendant
    ☒ Other (specify): Petitioner

4.  The Nonbankruptcy Action is pending as:

    a.  Name of Nonbankruptcy Action: Petition for the Removal of Debtor as Trustee of Smith Trust(abv)
    b.  Docket number: 2013-3264/B
    c.  Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
        Surrogate's Court Suffolk County, New York

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        (i) To remove the Debtor, as trustee of the Trust; (ii) appoint a successor trustee (Movants herein) to the Trust; (iii) wind-down and administer the assets of the Trust; (iv) market and sell certain real property owend by the Trust; and (v) pursue a remedy as to certain real property owned by the Trust, granting such other and further relief as the Court deems just and proper.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A____.

    c.  The Nonbankruptcy Action was filed on (date) 05/07/2014__.

    d.  Trial or hearing began/is scheduled to begin on (date) 09/03/2015__.

    e.  The trial or hearing is estimated to require 1/2__ days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):
        Movants

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

5. **Grounds for relief from stay:**

a. ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d. ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1) ☒  It is currently set for trial on (*date*)  09/03/2015 .

    (2) ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

    (3) ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e. ☒  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

       See Attachment "A"

    (3) ☒  Multiple bankruptcy cases affecting the Property include:

       (A) Case name:  Dana Smith
       Case number: 15-71331         Chapter: 13
       Date filed: 03/30/2015   Date discharged:       Date dismissed: 07/02/2015
       Relief from stay regarding this Nonbankruptcy Action  ☒ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 7                   F 4001-1.RFS.NONBK.MOTION

(B) Case name:

Case number:                                Chapter:

Date filed:                Date discharged:                Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                                Chapter:

Date filed:                Date discharged:                Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the
Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

6.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached
supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/20/15 | Kimberly Hysni | _KSV_ (signature) |
| Date | Printed name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 8                                F 4001-1.RFS.NONBK.MOTION

**ATTACHMENT "A" TO DECLARATION OF KIMBERLY HYSNI**
**In Re: DANA ANNE SMITH,**
**Case No.: 9:15-bk-11523-PC**

**Page 7, line 5(e)(2):**

I have attached to the Declaration that I signed in support of the hearing on our Motion for Relief from Automatic Stay on Shortened Notice excerpts of the Court transcript of the proceedings that occurred in the Surrogate's Court, Suffolk County, New York. The excerpts that I attached to my Declaration included comments by the Judge presiding in the case such as:

> **"I kind of think this latest bankruptcy filing is a hollow sham"**

> Transcript Pg. 12, lines 13-14

> **"I think this is a concerted effort by your client [Debtor] to frustrate the administration of this Trust and frustrate the functions of this Court."**

> Transcript Pg. 12, lines 15-18

> **"...when she [Debtor] was the one who failed to pay the real estate taxes...]**

> Transcript Pg. 14, lines 3-4

I draw this comments to this Court's attention because I feel that the offer an unbiased, judicial perspective that has caused at least one Judge to conclude that the Debtor's current bankruptcy is a "hollow sham" that the Debtor's actions have been intended, in his estimation, to frustrate the administration of the trust and further observe that it was the Debtor who failed to pay the real estate taxes on the East Point property. True and correct copies of the above referenced pages of the Transcript are attached as Exhibit "B".

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Movant,
Tracey McCauley, Kimberly Hysni,
and Westey Smith Mandriota, individually,
and in their capacity as co-successor trustees
of the Gloria M. Smith Grantor Ten Year Retained Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In Re:

DANA ANNE SMITH,

    Debtor.

_____/

Case No. 9:15-BK-11523-PC
(Chapter 13 Proceeding)

SUPPLEMENTAL DECLARATION OF
TRACEY MCCAULEY IN SUPPORT OF
MOTION FOR RELIEF FROM
AUTOMATIC STAY

I, TRACEY MCCAULEY, declare as follows:

1.    I am the sister of Dana Smith (the "Debtor"), and co-petitioner in the action pending before the Surrogate's Court of Suffolk County seeking to remove the Debtor as trustee of the Trust and appoint myself and my other two sisters, as successor trustees pursuant to NY EPTL §7-2.6 and SCPA §1502(5), assigned file number 3264/2013 (the "Surrogate's Court Action"). As such, I am fully aware of the facts and circumstances surrounding the Surrogate's Court Action and the Debtor.

2.    I submit this declaration in support of the motion (the "Motion") seeking to terminate the automatic stay in order to: (A) deem that the Gloria M. Smith Grantor Ten Year Retained Income Trust (the "Trust") is not property of the bankruptcy estate of Dana M. Smith

1

(the "Debtor"), the above-referenced debtor, or, alternatively, (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor as trustee of the Trust; (iii) appoint a successor trustee or co-successor trustees to the Trust; (iv) wind-down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust.

3.    I have read the Motion and related pleadings prepared by our attorney, Austin P. Nagel, and reallege and reassert all allegations contained therein, and verify the truthfulness of the facts recited therein.

4.    I respectfully request that the Court grant the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of August, 2015 in Orange County, Hillsborough NC, 27278

TRACEY MCCAULEY

HYSNI.01

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Movant,
Tracey McCauley, Kimberly Hysni,
and Westey Smith Mandriota, individually,
and in their capacity as co-successor trustees
of the Gloria M. Smith Grantor Ten Year Retained Trust

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In Re:

DANA ANNE SMITH,

    Debtor.

_____/

Case No. 9:15-BK-11523-PC
(Chapter 13 Proceeding)

SUPPLEMENTAL DECLARATION OF
WESTEY SMITH MANDRIOTA IN
SUPPORT OF MOTION FOR RELIEF
FROM AUTOMATIC STAY

I, WESTEY SMITH MANDRIOTA, declare as follows:

    1.    I am the sister of Dana Smith (the "Debtor"), and co-petitioner in the action

pending before the Surrogate's Court of Suffolk County seeking to remove the Debtor as

trustee of the Trust and appoint myself and my other two sisters, as successor trustees pursuant

to NY EPTL §7-2.6 and SCPA §1502(5), assigned file number 3264/2013 (the "Surrogate's

Court Action"). As such, I am fully aware of the facts and circumstances surrounding the

Surrogate's Court Action and the Debtor.

    2.    I submit this declaration in support of the motion (the "Motion") seeking to

terminate the automatic stay in order to: (A) deem that the Gloria M. Smith Grantor Ten Year

Retained Income Trust (the "Trust") is not property of the bankruptcy estate of Dana M. Smith

1

(the "Debtor"), the above-referenced debtor, or, alternatively, (B)(i) continue litigating an action in the Surrogate's Court of Suffolk County; (ii) remove the Debtor as trustee of the Trust; (iii) appoint a successor trustee or co-successor trustees to the Trust; (iv) wind-down and administer the assets of the Trust; (v) market and sell certain real property owned by the Trust; and (vi) pursue a remedy as to certain real property owned by the Trust.

3.     I have read the Motion and related pleadings prepared by our attorney, Austin P. Nagel, and reallege and reassert all allegations contained therein, and verify the truthfulness of the facts recited therein.

4.     I respectfully request that the Court grant the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _20th_ day of _August_, 2015 in _Suffolk County_
_Huntington, NY 11743_

WESTEY SMITH MANDRIOTA

HYSNL01

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
111 Deerwood Rd., Suite 305, San Ramon, CA 94583

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _08/20/2015_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Dana Anne Smith
26664 Seagull Way
Unit B216
Malibu, CA 90265

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _08/20/2015_ | Melissa Alcorn | _signature_ |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                              F 4001-1.RFS.NONBK.MOTION

## SERVICE LIST
### In Re:  DANA ANNE SMITH,
### Case No.: 9:15-BK-11523-PC

**Debtor's Counsel**
Tamar Terzian, Esq.
Terzian Law Group
315 W Arden Ave Suite 28
Glendale, CA  91203

**Chapter 13 Trustee**
Elizabeth F. Rojas
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403

**United States Trustee**
U.S. Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA  90017

**Judge**
Judge Peter Carroll
United States Bankruptcy Court
1415 State Street, Suite 230
Santa Barbara, CA 93101-2511

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
                         :

In the Matter of the Petition of WESTEY SMITH         VERIFIED PETITION
MANDRIOTA, TRACEY MCCAULEY and           :
KIMBERLY HYSNI, as beneficiaries of THE        File No. 2013-3264/B/C
GLORIA M. SMITH GRANTOR TEN YEAR        :
RETAINED INCOME TRUST, to remove
DANA SMITH as TRUSTEE and to appoint       :
WESTEY SMITH MANDRIOTA, TRACEY
MCCAULEY AND KIMBERLY HYSNI as       :
CO-SUCCESSOR TRUSTEES pursuant to
EPTL §7-2.6 and SCPA §1502(5).           :
-----------------------------------------------------------------------X

FILED
SURROGATE'S COURT
SUFFOLK COUNTY

MAY 0 7 2014

MICHAEL CIPOLLINO
CHIEF CLERK

TO THE SURROGATE'S COURT, COUNTY OF SUFFOLK:

         It is respectfully alleged that:

         1. Petitioner Westey Smith Mandriota ("Westey") is an individual domiciled and

residing at 167 East Shore Road, Huntington Bay, New York, and is a person interested in the

GLORIA M. SMITH GRANTOR TEN YEAR RETAINED INCOME TRUST, dated April 23, 1990

(the "Trust"), as a remainder beneficiary of the Trust.

         2. Petitioner Tracey McCauley ("Tracey") is an individual domiciled and residing

at 1005 Tuscany Drive, Hillsborough, North Carolina, and is a person interested in the Trust as a

remainder beneficiary of the Trust.

         3. Petitioner Kimberly Hysni ("Kim") is an individual domiciled in the State of

California but presently residing at 17101 LaCantera Parkway, #6511, San Antonio, Texas, and is

a person interested in the Trust as a remainder beneficiary of the Trust.

         4. Respondent Dana Smith ("Dana" or "Trustee") is an individual domiciled in the

State of New York and, upon information and belief, an address of 167 East Shore Road, Huntington

Bay, New York 11743 but presently residing at 4 Montana Place, Huntington Station, New York,



EXHIBIT A

and is a person interested in the Trust as its Trustee and as a remainder beneficiary of the Trust.

5. Jurisdiction and venue of matters concerning the Trust lie before this Court pursuant to SCPA §207(1), as the Trust is a lifetime trust with the principal assets of the Trust being located in Suffolk County, New York and the residency of the Trustee being in Suffolk County, New York, with the Court also having jurisdiction over lifetime trusts pursuant to SCPA §209(6).

6. The Trust is a ten-year grantor retained income irrevocable trust which by its terms was to terminate on the day prior to the ten-year anniversary of the Trust or upon the earlier termination of the Trust, whichever was sooner. See, the Trust Agreement, dated April 23, 1990, a copy of which is annexed as Exhibit A, at article FIRST.

7. Gloria M. Smith, the Trust Grantor ("Grantor"), died on June 6, 2013, a resident of the County of Suffolk, State of New York. A copy of the Grantor's death certificate is annexed as Exhibit B.

8. As the Grantor did not die prior to the ten year anniversary of the Trust Agreement, the Trust by its terms was to have terminated on April 22, 2000.

9. Westey, Tracey, Kim and Dana are the sole children of Gloria.

10. The sole Trust beneficiaries are Westey, Tracey, Kim and Dana.

11. All of the Trust beneficiaries survived the April 22, 2000 termination date of the Trust.

12. All of the Trust beneficiaries were of the age of twenty-one (21) years or older upon the April 22, 2000 termination date of the Trust.

13. The Trust, pursuant to article FIRST (c), sets forth that on the termination of the Trust, the Trustee is to "divide the principal into as many equal shares as there are children of the

EXHIBIT A

Grantor then living and children of the Grantor then deceased leaving issue then living, and to distribute one such share to each child of the Grantor then living and one such share, per stirpes, to the issue then living of each child of the Grantor then deceased, subject to the provisions of article SECOND." See, Exhibit A.

14. The Trustee has actively acted as Trustee of the Trust since its inception, and held herself out ast Trustee of the Trust.

15. The Trustee has failed to abide by the terms of the Trust in that the Trustee failed to distribute the assets of the Trust on the April 22, 2000 termination date.

16. Despite the Trust by its terms having terminated on April 22, 2000, the Trustee continued to act on behalf of the Trust as Trustee and to represent herself as the Trustee of the Trust beyond its termination date.

17. Despite holding herself out as the Trustee beyond the Trust's termination date, the Trustee has failed to carry out her duties as a Trustee.

18. The Trustee, despite due demand for same, has failed to distribute the Trust assets to its beneficiaries.

19. Upon information and belief, the Trustee has failed to maintain the assets of the Trust.

20. Upon information and belief, the Trustee has concealed and refused to share records and information about Trust assets from Westey, Tracey and Kim, despite frequent requests for same.

21. The Trustee has failed to pay the Suffolk County property taxes for the premises known as 167 East Shore Road, Huntington Bay, New York ("East Point"), which property is an

3


EXHIBIT A

asset of the Trust, for the 2010, 2011, 2012 and 2013 tax years.

22. Through February 14, 2014, the Trustee has allowed East Point to accrue tax liens being held by the Suffolk County Treasurer totaling $256,532.48 for the tax years of 2010-2013, such amount consisting of base taxes totaling $181,420.46 and penalties and interest totaling $75,112.02, with interest continuing to accrue thereon at twelve percent per annum. A copy of a Statement of Taxes in Arrears from the Office of the Suffolk County Treasurer, dated February 14, 2014, is annexed as Exhibit I.

23. The Suffolk County Treasurer's office has set forth that it is prepared to take a tax deed if the tax lien for the 2010 tax year is not paid in the immediate term.

24. The Trustee allowed East Point to accrue Village of Huntington Bay tax liens totaling $8,162.13 in base tax, penalties and interest for the tax period of 2013, and, upon information and belief, this tax lien was sold by the Village of Huntington Bay on March 18, 2014.

25. Upon information and belief, the Trustee has received rental income from tenants in a two unit condominium property which is fifty (50%) percent owned by the Trust and located at 26664 Seagull Way, #B216, Malibu, California 90265 (the "Malibu Condo"), and, despite due demand for same, the Trustee has failed to disclose or account for any rental incomes collected by her from the Malibu Condo for the last ten (10) months.

26. Despite the Malibu Condo having been rented, and the Trustee having collected rent from the tenants of the Malibu Condo, the Trustee failed to pay the property taxes due on the Malibu Condo, and the taxes due on 12/10/13 are now delinquent, with a current balance due of $2,314.98. A printout from the Los Angeles County Treasurer and Tax Collector from March 18, 2014 setting forth the taxes delinquent and due is annexed as Exhibit F.

4

EXHIBIT A

27. There was a tax bill installment for the Malibu Condo due on or before April 10, 2014 in the amount of $2,104.52 that, upon information and belief, has not been paid as of the date hereof.

28. Despite the Malibu Condo having been rented, and the Trustee having collected rent from the tenants of the Malibu Condo, the Trustee has failed to pay the homeowners association dues that are due and owing on the Malibu Condo, and as of February 19, 2014 there was due and owing a balance of $1,977.16 in homeowners association dues, late fees and other fees that the Trustee has failed to pay for the Malibu Condo. A copy of the February 19, 2014 Notice of Delinquency is annexed as Exhibit G.

29. Upon information or belief, on or about December 5, 1994, after the purchase of the Malibu Condo, the Trustee, without the knowledge of petitioners or Gloria, individually obtained a mortgage loan against the Malibu Condo in the amount of $193,600.00 (the "Malibu Loan").

30. Upon information and belief, in order to obtain the Malibu Loan, the Trustee, by Quitclaim Deed dated December 5, 1994 (the "12/5/94 Quitclaim Deed") deeded the Trust's fifty percent ownership interest in the Malibu Condo to herself individually and took the Malibu Loan out in her own name, and after taking out the Malibu Loan the Trustee, by Quitclaim Deed dated January 12, 1995 (the "1/12/95 Quitclaim Deed") transferred the Trust's fifty percent ownership interest back to the Trust. A copy of the 12/5/94 and the 1/12/95 Quitclaim Deeds are collectively annexed as Exhibit E.

5

EXHIBIT A

31. The Trustee, despite due demand from Westey, Tracey and Kim, has failed to finalize a claim in the approximate amount of $50,000.00 for a life insurance policy with Allstate insurance, Claim No. 768747511, on the life of the Grantor for which the Trust is the named beneficiary (the "Life Insurance Claim").

32. The Trustee, despite due demand for same, has refused to share information with Westey, Tracey and Kim with regard to the Life Insurance Claim.

33. The Trustee, despite due demand from Westey, Tracey and Kim, has failed to finalize a property insurance claim with Allstate insurance, Claim No. 0215-908849, in the amount of $15,272.65 for storm damage in August, 2011 incurred to East Point (the "Property Insurance Claim").

34. The Trustee, after delaying the final processing of the Property Insurance Claim for approximately nine (9) months, which final processing only required the execution of an Allstate insurance form to allow the check to be issued, has upon information and belief needlessly retained an attorney to finalize the Property Insurance Claim.

35. The Trustee has requested that the Property Insurance Claim be issued solely in her name individually, not as Trustee. A copy of the agreement proposed by the Trustee to allow for the Property Insurance Claim to be issued to her individually is annexed as Exhibit K.

36. Despite due demand for same, the Trustee has failed to provide any explanation as to why the Property Insurance Claim should be issued solely in her individual name and not in her name as Trustee or in the name of all four Trust beneficiaries.

37. Westey, Tracey and Kim have declined to allow the Property Insurance Claim or the Life Insurance Claim to be paid to the Trustee individually.


EXHIBIT A

38. The Trustee, despite due demand for same, has failed to disclose information and decisions regarding Trust assets from Westey, Tracey and Kim.

39. The Trustee has refused to communicate directly with Westey, Tracey and Kim, and has only communicated with the Trust's beneficiaries on limited occasions with limited substance by directing communication through emails and Joe Grasso, a friend of the Trustee, and, most recently, an attorney.

40. The Trustee has refused to carry out her duties in winding down the Trust and distributing the assets of the Trust to its beneficiaries, despite due demand for same.

41. The Trustee has failed to allow for the sale of East Point, despite repeated demands for same from Westey, Tracey and Kim.

42. The Trustee's failure to allow for the sale of East Point has led to the accrual of over $250,000.00 in tax liens against East Point.

43. The Trustee has failed to make payments on the various aforementioned obligations even though there are funds available to the Trust to make such payments.

44. The Trustee failed to provide funds to pay for the funeral of the Grantor.

45. As of the date hereof there is still an outstanding balance of $13,148.00 due for the funeral expenses of the Grantor.

46. Upon information and belief, a judgment was entered against the Trustee in the matter known as <u>Nicholas Colyvas v. Dana Smith</u>, Index No. SC 158-12/HU, Suffolk County District Court, Third District, in the amount of $1,598.58 for failure to return a security deposit to a prospective tenant of East Point that never moved in. A copy of a Complaint, dated March 26, 2012, and a Execution of Judgment, dated August 14, 2012, are collectively annexed as Exhibit M.

7


EXHIBIT A

47. Upon information and belief there is an action pending against the Trustee in the matter known as Helen Tull v. Dana Smith and Gloria Smith, Index No. SC 215-13/HU, Suffolk County District Court, Third District, wherein it is alleged that the Trustee failed to return a security deposit to the plaintiff in the amount of $2,300.00 after plaintiff had vacated her residency at East Point and there was no dispute as to the condition of the property after she vacated it. A copy of a Complaint, dated May 15, 2013, is annexed as Exhibit N.

48. A Temporary Order of Protection was previously taken out by Westey against Dana on or about on April 17, 2012 after Dana had continuously harrassed and threatened Westey and Westey's family. This Temporary Order of Protection remains in force and effect until and including April 15, 2014. A copy of the renewed Order of Protection, dated April 15, 2013, is annexed as Exhibit O.

49. Westey, Tracey and Kim have previously requested that the Trustee resign, but the Trustee has refused to resign as requested.

50. By reason of the Trustee's refusal to disburse the assets of the Trust despite it having terminated almost fourteen (14) years ago; her refusal to account for Trust assets; her fraudulent transfer of the Malibu Condo in order to obtain a mortgage loan; her secret collection of rental income from the Malibu Condo and keeping it for herself; her refusal to finalize the Life Insurance Claim and the Property Insurance Claim, which are both payable to the Trust; her failure to pay the property taxes of East Point, which has led to the accrual of over $250,000.00 in property tax liens and the potential imminent loss of East Point; and her refusal to communicate with the beneficiaries of the Trust, Dana should be removed as the trustee of the Trust.

51. As the assets of the Trust still have not been distributed to the Trust beneficiaries,


EXHIBIT A

and as Dana has refused to cooperate with Trust beneficiaries Westey, Tracey and Kim, it is patently

clear that a successor trustee needs to be appointed for the purpose of "winding down" the Trust, i.e.

(i) processing the Life Insurance Claim and the Property Insurance Claim; (ii) use of the proceeds

from the Life Insurance Claim and the Property Insurance Claim for payment of the most immediate

tax liens for East Point; (iii) the sale of East Point in order to satisfy the remainder of its tax liens and

for distribution of the remainder to the Trust beneficiaries; (iv) and distribution of any other Trust

assets which may exist to the Trust beneficiaries.

52. This Court under EPTL §7-2.6 has the subject matter jurisdiction to remove a

trustee and appoint a successor trustee.

53. This Court under SCPA §1502(5) may appoint a successor trustee for any

purposes deemed necessary to complete administration or distribution of a trust which has terminated

by the occurrence of the event measuring its duration when there is no person in office able to

execute it.

54. The actions and/or inactions of Dana have clearly shown that she is neither

willing nor able to execute the final distribution of the Trust assets.

55. The appointment of the successor trustees in this instance is for the Trust to go

into "winding down" mode, which the Trustee should have done fourteen years ago.

56. As far as can be ascertained with due diligence, the names and addresses of all

persons, including petitioners and respondent, who are interested parties in this proceeding and upon

whom service of process is required, or concerning whom the court is required to have information

are as follows:

a. Westey Smith Mandriota, a petitioner, a distributee of the Trust Grantor

9

EXHIBIT A

and a 1/4 residuary beneficiary of the Trust, residing at 167 East Shore Road, Huntington Bay, New York 11743;

b.  Tracey McCauley, a petitioner, a distributee of the Trust Grantor and a 1/4 residuary beneficiary of the Trust, residing at 1005 Tuscany Drive, Hillsborough, North Carolina 27278;

c.  Kimberly Hysni, a petitioner, a distributee of the Trust Grantor and a 1/4 residuary beneficiary of the Trust, currently residing at 17101 LaCantera Parkway, #6511, San Antonio, Texas 78256;

d.  Dana Smith, a respondent, Trustee of the Trust, a distributee of the Trust Grantor and a 1/4 residuary beneficiary of the Trust, with an address of 167 East Shore Road, Huntington Bay, New York 11743, and, upon information and belief, currently residing at 4 Montana Place, Huntington Station, New York 11746.

57.  In accordance with article ELEVENTH of the Trust, any successor trustee appointed shall not be required to furnish any bond, undertaking or other security.  See, Exhibit A.

58.  All of the persons above named are over the age of twenty-one years, of sound mind and not under any disability.

59.  There are no persons other than those heretofore mentioned herein in this application.

60.  No previous application has been made in this Court for the relief requested herein. In the Amended Complaint in the action known as Westey Smith Mandriota and Tracey Allyson McCauley v. Dana A. Smith, individually and as sole Trustee of the Gloria M. Smith Grantor Ten Year Retained Income Trust, and Kimberly Y. Smith Hysni, Index No. 5796/10 (Sup.

EXHIBIT A

Ct. Suffolk Co.), a request was made by Tracey and Westey in the alternative for Dana to distribute

all remaining Trust assets or to be removed as Trustee. In the course of motion practice in that

action, in an Order dated September 28, 2012, the court granted Dana's cross-motion for summary

judgment on the grounds that plaintiffs' request for an accounting was time-barred and due to

plaintiffs' failure to name Gloria as a party to that action. No determination was made by the court

therein on the alternative relief requested by plaintiffs for Dana to distribute the Trust assets or to

have Dana removed as Trustee and the appointment of a successor trustee for the Trust. A copy of

the Order of Hon. Denise F. Molia, dated September 28, 2012[1], is annexed as Exhibit Q.

Additionally, as Gloria passed away on June 6, 2013, she no longer is a necessary party to the action.

Further, East Point, the primary asset of the Trust, was not at the precipice of being lost to a property

tax foreclosure at the time of Justice Molia's decision, which it now is.

      61. As there is relief being requested herein that was requested but not addressed by

Justice Molia in her Order in the prior action (removal of Dana as Trustee), there is additional relief

being requested herein that has not been previously requested (appointment of successor Trustees),

and there are new facts and urgent circumstances before the Court that were not before Justice Molia

(tax lien being sold by Village of Huntington Bay and threatened tax deed being taken by Suffolk

County), petitioners should not be estopped from the relief requested herein.

      WHEREFORE, Petitioners respectfully pray for a Decree (i) removing Dana Smith

as Trustee of the Trust; (ii) appointing Westey Smith Mandriota, Tracey McCauley and Kimberly

Hysni as co-successor trustees of the Trust; (iii) that Allstate make payment of the Property Insurance

---

[1]Petitioners were never served with a notice of entry of the September 28, 2012 Order and
are not aware of the date of entry of same.

EXHIBIT A

Claim to the co-successor trustees upon submission of all necessary claim forms; (iv) that Allstate

make payment of the Life Insurance Claim to the co-successor trustees upon submission of all

necessary claim forms; (v) that the proceeds from the Property Insurance Claim and the Life

Insurance Claim be used to pay the most immediate tax liens for East Point; and (vi) such other,

further and different relief as is just and proper, including, but not limited to, costs, disbursements

and attorneys fees.

Dated: Hicksville, New York
     April 17, 2014

                                 Yours, etc.
                                 MARKOTSIS & LIEBERMAN, P.C.

By: _____
                                 George Neofitos, Esq.
                                 Attorneys for Petitioners
                                 115B Broadway, Suite 2
                                 Hicksville, New York 11801
                                 (516) 935-2330

EXHIBIT A

<u>V E R I F I C A T I O N</u>

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF  NASSAU )

Westey Smith Mandriota, being duly sworn, deposes and says that she is one of the Petitioners

herein; she has read the foregoing Petition; that the same is true to her own knowledge except as to

those matters therein stated upon information and belief, and as to those matters she believes them

to be true.

_____
Westey Smith Mandriota

Sworn to before me this
23rd  day of April, 2014

_____
        Notary Public

LEA G. VITRANO
NOTARY PUBLIC, State of New York
No. 01VI6102703
Qualified in Nassau County
Commission Expires Dec. 08, 20 15


EXHIBIT A

V E R I F I C A T I O N

STATE OF NORTH CAROLINA )
                            ) ss:
COUNTY OF  ORANGE )

Tracey McCauley, being duly sworn, deposes and says that she is one of the Petitioners herein; she

has read the foregoing Petition; that the same is true to her own knowledge except as to those matters

therein stated upon information and belief, and as to those matters she believes them to be true.

Tracey McCauley

Sworn to before me this
12th day of April, 2014

Notary Public
Commission Exp. 10/26/2014

ANKE GASSEN
NOTARY
—
PUBLIC
ORANGE COUNTY, N.C.

EXHIBIT A

## V E R I F I C A T I O N

STATE OF  Texas     )
                      ) ss:
COUNTY OF  Bexar   )

Kimberly Hysni, being duly sworn, deposes and says that she is one of the Petitioners herein; she has

read the foregoing Petition; that the same is true to her own knowledge except as to those matters

therein stated upon information and belief, and as to those matters she believes them to be true.


_____
Kimberly Hysni


Sworn to before me this
__17__ day of April, 2014

_____
Notary Public

```
┌─────────────────────────────────────┐
│            LAURA K. CATHEY           │
│    Notary Public, State of Texas     │
│       My Commission Expires          │
│            May 31, 2016              │
└─────────────────────────────────────┘
```

EXHIBIT A 

# EXHIBIT "A"

EXHIBIT A

TRUST AGREEMENT dated April 23, 1990 between GLORIA M. SMITH (the "Grantor") and DANA SMITH (the "Trustee").

FIRST: The Grantor hereby transfers to the Trustee the property described in Schedule A annexed hereto, IN TRUST (to be known as the GLORIA M. SMITH GRANTOR TEN YEAR RETAINED INCOME TRUST, for ten (10) years from the date of this agreement or until the earlier termination of the trust, to hold and dispose of as follows:

(a)  To distribute the income to the Grantor in convenient installments but at least annually.

(b)  If the Grantor dies prior to the tenth anniversary of the date of this agreement, on her death to distribute the principal as set forth in subparagraph "c" below.

(c)  On the day prior to the tenth anniversary of the date of this agreement, to divide the principal into as many equal shares as there are children of the Grantor then living and children of the Grantor then deceased leaving issue then living, and to distribute one such share to each child of the Grantor then living and one such share, per stirpes, to the issue then living of each child of the Grantor then deceased, subject to the provisions of article SECOND.

SECOND: If any beneficiaries of this trust are under the age of twenty-one (21) years at the time title vests in him or her, I authorize my Trustee hereinafter named, in their discretion to retain his or her share, in a separate trust for

EXHIBIT A

the benefit of such beneficiary, to manage, invest and reinvest
the same and apply the net income therefrom or such portion
thereof and such portion of the principal as my Trustee may deem
necessary for the proper education, support, and general welfare
of such beneficiary, until he or she attains the age of
twenty-one (21) years, at which time I direct my Trustee to
transfer or pay to such beneficiary the accumulated income, if
any, and the balance of the principal. My Trustee is authorized
to retain any part of such income not so used and to reinvest the
same.

If any beneficiary for whom a share my estate is held in
trust shall die before attaining the age of twenty-one (21)
years, my Trustee shall add such share equally, per stirpes, to
the share of the surviving beneficiaries named herein, to be held
and administered upon like trust or distributed to such of them
as have attained the age of twenty-one (21) years.

Notwithstanding any other provision of this article, if
the trust has not previously terminated, to distribute the
principal to the beneficiary upon the twenty-first anniversary
of the death of the last survivor of the members of a class
consisting of the Grantor and the Grantor's issue in any degree
who were in being on the date of this agreement.

THIRD: Whenever any property, whether income or
principal, of any trust created under this agreement (including

-2-

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

EXHIBIT A

property held pursuant to the second paragraph of this article), is authorized or directed to be distributed to a beneficiary who is a minor or a person who in the sole judgment of the Trustee is incapable of managing his or her own affairs and the property is not directed to be retained in further trust under any other provision of this agreement, the Trustee may, in her discretion, distribute the property directly to the beneficiary, to a parent, spouse, guardian, committee, conservator or other person having the care and control of such beneficiary, or to a custodian for such beneficiary under the Gifts to Minors Act of any jurisdiction (and she may designate as the custodian any person who is qualified to act in that capacity, including herself, and may extend the custodianship to age twenty-one).

With respect to any property that becomes vested in and payable to a minor and is not directed to be retained in further trust under any other provision of this agreement, the Trustee may, in the alternative, retain and manage the property, without bond and with all the discretionary powers and authority granted to the Trustee by this agreement or by law, and distribute so much or all of the property and the income therefrom to the minor as the Trustee may, in her discretion, determine to be advisable for any reason whatever, accumulating any income not so distributed until the minor attains age twenty-one or until the minor's prior death when any remaining property and accumulated

-3-

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

EXHIBIT A

income shall be distributed to the minor or to his or her
estate.  The receipt of the person to whom any distribution is
made as authorized in this article shall be a full discharge of
the Trustee from accountability with respect to the property
distributed.

FOURTH:  Wherever the Trustee is directed or authorized
to distribute income or principal to any person, the Trustee may,
in her discretion, apply income or principal to or for the use or
benefit of such person.

FIFTH:  Any discretion granted to the Trustee to dispose
of income or principal may not be exercised in her own favor
(including in whole or partial discharge of her or her legal
obligations) by any Trustee.

SIXTH:  In determining whether or not to exercise any
discretionary power to dispose of principal of income, the
Trustee may, but shall not be required to, (a) take into account
any other resources available to the person to whom a
distribution is under consideration and (b) consider and accept
as correct any statement made by any person (including a person
interested in the manner in which the discretion is exercised)
that the Trustee believes to be reliable.  The decision of the
Trustee as to the purpose, time and amount of any discretionary
distribution, including the decision not to make a distribution,
shall be conclusive and shall not be subject to question before

-4-

EXHIBIT A

any court by any beneficiary, his or her committee, conservator or guardian, or any public authority or agency. No court may make an allowance from principal to any income benenficiary.

SEVENTH: Unless otherwise specifically stated, as used in this agreement (a) all distributions to issue shall be made per stirpes, and not per capita, (b) the word "discretion" shall mean sole, exclusive and unrestricted discretion, and (c) the word "minor" shall mean a person under age twenty-one. Unless the context otherwise requires, the use of the singular or the plural shall include the other and the use of any gender shall include the other genders.

EIGHTH: If any income beneficiary and remainderman of any trust created under this agreement shall die under such circumstances that the order of their deaths cannot be established by proof, such remainderman shall be deemed conclusively to have predeceased such income beneficiary.

NINTH: Notwithstanding anything in this agreement to the contrary, if any property held in the trust under article FIRST does not, in the Grantor's opinion, produce a reasonable rate of current income, the Grantor may at any time or times require the Trustee to convert the property into property producing a reasonable rate of current income within a reasonable time.

TENTH: In addition to the powers conferred upon the

-5-

EXHIBIT A

Trustee by law or by other provisions of this agreement, she shall have the following discretionary powers subject to Article "NINTH" above, with respect to all principal and income held hereunder in any capacity or for any purpose until its final distribution and may exercise the same without the order or approval of any court:

(a)  To retain any property, real or personal, which may at any time be in her hands, or to sell, exchange or otherwise dispose of any such property on any terms, including the extension of credit with or without security, she may determine to be advisable, and to lease or grant options for any such property for any period of time.

(b)  To purchase or otherwise acquire any property, real or personal, of any kind, with limitation (including the purchase of securities on margin).

(c)  To acquire and retain property without regard to any duty to diversify and without being bound by any provision of law restricting investments by trustees.

(d)  To exercise in person or by proxy conversion, subscription, voting and other rights and options; to participate in reorganizations, consolidations, mergers, liquidations or similar transactions and to retain property received thereunder; to enter into voting trust agreements and to appoint voting trustees; and to delegate discretionary powers in connection with any of the above.

(e)  To hold securities in the names of nominees or in the names of banks, trust companies, stock brokerage firms or their nominees, or in bearer form.

(f)  To employ and pay, as an administration expense, legal and investment advisors, accountants, brokers, custodians, bookkeepers, clerks, and other agents or assistants, for ordinary as well as extraordinary services, and to delegate to them discretionary powers.

(g)  To borrow money for any purpose from any source (including any Trustee hereunder) and to pledge or mortgage property as security for money borrowed.

-6-

EXHIBIT A

(h)  To extend, abandon, settle, compromise, modify, release, or arbitrate any claim or obligation.

(i)  To make distributions in cash or in kind or partly in each without the consent of any beneficiary and to allocate property distributed in kind among the recipients without any obligation to make proportionate distributions or to distribute to all recipients property having an equivalent basis for income tax purposes.

(j)  To allocate to principal all distributions in stock of the distributing corporation.

(k)  To delegate to any co-Trustee any power or discretion (including the power to sign checks) acceptable to the co-Trustee.

(l)  To make any tax election and to refrain from making any adjustment between income and principal or among beneficiaries on account of any such election.

(m)  To hold property of separate trusts in common investments or funds, including common investments and funds with other trusts created by the Grantor or by others.

(n)  To distribute any assets directed to be held in trust under article SECOND to the trustees of any existing trust that has the same beneficiaries and substantially similar terms as the trust held (and the assets so distributed shall be added to and administered and disposed of as part of such other trust).

(o)  To operate, repair, alter, improve, develop, sell, exchange, grant options on or lease for any period of time, insure, erect or demolish buildings on, partition or mortgage any real property which she may hold or in which she may hold an interest or participation.

(p)  To retain any interest in, to invest in and to become a member of any partnership or joint venture, to comply with all the terms and provisions thereof, and to take all actions with respect to such entities as she may, in her discretion, determine to be advisable.

(q)  To sell, continue, liquidate, exchange or recapitalize, in whole or in part, any business, incorporated or unincorporated, in which a trust under this agreement may own an interest.  Any such transaction may be at a price and on terms and conditions she in good faith considers fair and advisable,

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

EXHIBIT A

and may be made to or with any one or more of the Grantor's relatives and business associates and the employees of such business even though one or more of them may be acting as a Trustee hereunder.

ELEVENTH: If any trustee shall cease to act for any reason, a successor Trustee (other than the Grantor) may be appointed by the Grantor or, if she is not then living, by her then living children (acting together if more than one is living),or, if no child of the Grantor is then living, by the living adult grandchildren (acting together if more than one is living).

Any Trustee at any time acting may appoint a successor Trustee or a succession of Trustees (other than the Grantor) to act in his or her place in the event of any vacancy in his or her office not provided for hereinabove. If at any time there is only one Trustee acting, he or she may appoint a co-Trustee (other than the Grantor) to act with him or her. In the event of conflicting appointments, the appointment by the Trustee who was acting as such first shall prevail.

Appointments shall be in writing and may be revoked in writing by the maker at any time prior to the qualification of the Trustee so appointed.

Any Trustee may resign by written instrument, but if no co-Trustee is then acting, the resignation shall be effective only upon the qualification of a successor Trustee.

No Trustee, whether named herein or appointed as herein

- 8 -

EXHIBIT A

provided, shall be required to furnish any bond, undertaking or other security.

Any reference herein to the Trustee shall include any survivor, successor or additional Trustee.

Any Trustee may become or continue to be an officer, director, stockholder, partner, agent or employee of any business, incorporated or unincorporated, in which any trust created under this agreement may own or acquire an interest, and he or she (or any firm of which he or she is a partner or employee) may serve in any professional capacity for any such business or for any trust created hereunder.  Such Trustee may receive reasonable compensation for services rendered in addition to any commissions to which he or she may be entitled for acting as a Trustee hereunder.

TWELFTH:  Any Trustee may settle any account of any trust hereunder at any time by agreement or judicially.  An agreement made with all beneficiaries who are then eligible or entitled to receive the income and all beneficiaries who are then presumptively entitled to the principal (excluding, in each case, any beneficiaries subject to a legal disability), shall bind all persons (whether or not then in being or of legal capacity) then or thereafter eligible or entitled to receive the income or principal, and shall release and discharge the accounting party for the matters covered by the account as effectively as judicial

-9-

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

EXHIBIT A

settlement. If a party to any judicial proceeding has the same interest as a person under a legal disability, it shall not be necessary to serve the person under a legal disability.

THIRTEENTH: The Grantor or any other person (other than a Trustee) may, with the consent of the Trustee, make additions to the trust created hereunder by will or otherwise by transferring to the Trustee additional property, and the Grantor, or any other person (other than a Trustee), may also make the Trustee the beneficiary of any pension, profit sharing or other employee benefit or of any life insurance policy.

FOURTEENTH: The Trustee hereby accepts the trust and agrees to execute it to the best of her abilities.

FIFTEENTH: This agreement and the trusts created hereunder shall be irrevocable and may not be altered, amended, revoked or terminated by the Grantor, in whole or in part.

SIXTEENTH: This agreement and the trusts created hereunder shall be construed and regulated by the law of the State of New York.

IN WITNESS WHEREOF, the undersigned have executed this agreement as of the day and year first above written.

_____
GLORIA M. SMITH

_____
DANA SMITH

-10-

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

EXHIBIT A


STATE OF NEW YORK)
                        ss.:
COUNTY OF SUFFOLK)


        On the 23rd day of April, 1990, personally before me
came GLORIA M. SMITH and DANA SMITH, known to me to be the
individuals described in and who executed the foregoing
instrument and duly acknowledged that they executed the same.


_____
NOTARY PUBLIC

-11-

EXHIBIT A

SCHEDULE A

1.  All my interest in premises located at
    and more particularly described as follows:

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Incorporated
Village of Huntington Bay, Town of Huntington, County of Suffolk and State
of New York, bounded and described as follows:

BEGINNING at a monument set in the westerly side of East Shore Road, said
monument being distant 87.05 feet northerly as measured along the westerly
side of East Shore Road from the northerly line of land of Bruno Spokas, said
point also being where the southerly line of land of M. Gordon intersects
the said westerly side of East Shore Road and from said point of beginning;
running thence South 13° 21' 30" East along the westerly side of East Shore
Road 87.05 feet to land of Bruno Spokas; running thence along the northerly
and westerly side of land of Bruno Spokas the following 3 courses and
distances:

1)  North 86° 26' 40" West 34.58 feet;
2)  South 09° 53' 50" West 186.24 feet;
3)  South 15° 59' 30" West 81.66 feet to Huntington Harbor; running thence
      along Huntington Harbor the following courses and distances:

      South 68° 34' 30" West 74.16 feet;
      South 60° 1' 20" West 76.11 feet;
      South 48° 32' 40" West 40.03 feet;
      South 33° 41' 20" West 19.83 feet;
      South 7° 35' 40" East 45.40 feet;
      Due South 64 feet;
      North 53° 31' 50" West 28.60 feet;
      North 17° 27' 10" West 94.47 feet;
      North 53° 4' 20" West 32.23 feet;
      North 39° 4' West 25.15 feet;
      North 23° 38' 50" West 22.53 feet;
      North 15° 51' 20" West 27.63 feet;
      North 11° 01' 40" West 27.08 feet;
      North 06° 03' 30" West 24.90 feet;
      North 02° 07' 10" West 25.52 feet;
      North 0° 45' 50" West 59.76 feet;
      North 02° 46' 50" East 32.69 feet;
      North 03° 59' 00" East 41.29 feet;
      North 06° 51' 40" East 61.14 feet;
      North 20° 24' 20" East 118.06 feet;
      North 8° 56' 10" East 25 feet to land of M. Gordon; thence along the
      southerly line of land of Mr. Gordon South 74° 30' 30" East 141.26 feet to
      a monument; thence still along the southerly line of land of M. Gordon
      South 89° 52' 30" East 164.88 feet to the westerly side of East Shore Road,
      the point or place of beginning.

EXHIBIT A



SCHEDULE A CONTINUED

2.    All my one-half interest in premises located at and more particularly
described as follows:

ALL that certain plot, piece or parcel of land, with the buildings and im-
provements thereon erected, situate, lying and being near the Village of
Huntington, Suffolk County, State of New York, being lot numbered 339, and
part of 338, as said lots are shown on a certain map entitled, "Map of
Highland Park," situated near the Village of Huntington, Suffolk County,
N.Y. and filed in the Suffolk County Clerk's Office on April 21, 1910 as
Map No. 126, bounded and described as follows:

BEGINNING at a corner formed by the intersection of the easterly side of
New York Avenue with the northerly side of Henry Street; running thence
along the easterly side of New York Avenue, North 9° 26' 40" East 71.06
feet; running thence through Lot 338 the following five (5) courses and
distances:

1)    South 80° 33' 20" East 17.08 feet;
2)    South 9° 26' 40" West 4.40 feet;
3)    South 81° 11' 30" East 45.00 feet;
4)    South 9° 26' 40" West 4.10 feet;
5)    South 84° 57' 00" East a distance of 108.09 feet to the westerly line
of lots 342 to 345, inclusive, south 1° 49' 40" West 95.43 feet to the northerly
line of Henry Street; running thence along said northerly line of Henry Street
North 73° 17' 40" West 183.97 feet to the point or place of beginning.

TOGETHER with a non-exclusive easement for the purposes of access to the
building situate on the above described premises, over and along a strip
of land described as follows:

BEGINNING at a point located the two (2) following courses and distances
from the point of the intersection of the easterly line of New York Avenue
with the northerly line of Henry Street;

1)    running from a stake set at said point of intersection along the easterly
line of New York Avenue north 9° 26' 40" East a distance of 71.06 feet to
other land of the parties of the first part; and

2) running thence along said other land of the parties of the first part
South 80° 33' 20" East a distance of 17.08 feet to the point of beginning.

And from said point of beginning running thence South 9° 26' 40" West a
distance of 4.40 feet; running thence South 81° 11' 30" East a distance of
45.00 feet; running thence South 9° 26' 40" West a distance of 4.10 feet;
running thence South 84° 57' 99" East a distance of 3.91 feet; running
thence North 9° 26' 40" East a distance of 7.71 feet; and running thence
North 80° 33' 20" West a distance of 48.89 feet to the point or place of
beginning.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com
EXHIBIT A

# EXHIBIT "C"

EXHIBIT A

Reorder H.S.R.T.U. Form 8001-1015    (Bargain and Sale Deed, with Covenant against Grantor's Acts—Individual or Corporation)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

110761559

THIS INDENTURE, made the 23RD day of APRIL , nineteen hundred and NINETY

BETWEEN GLORIA M. SMITH and DANA SMITH as Trustees under Agreement
dated January 9, 1989, residing at 167 East Shore Road,
Huntington, New York 11743

29105

**NO
CONSIDERATION**

party of the first part, and DANA SMITH as Trustee of the GLORIA M. SMITH TEN
YEAR GRANTOR RETAINED INCOME TRUST, residing at 167 East
Shore Road, Huntington, New York 11743

**DISTRICT
0402**

**SECTION
002.00**

party of the second part,

**BLOCK
03.00**

WITNESSETH, that the party of the first part, in consideration of ONE ($1.00) DOLLAR

**LOT
014.000**

lawful money of the United States,                                                    paid



by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or

successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,

lying and being in the Incorporated Village of Huntington Bay, Town of
Huntington, County of Suffolk and State of New York, bounded and
described as follows:

BEGINNING at a monument set in t he westerly side of East Shore Road,
said monument being distant 87.05 feet northerly as measured along
the westerly side of East Shore Road from the northerly line of land
of Bruno Spokas, said point also being where the southerly line of
land of M. Gordon intersects the said westerly side of East Shore
Road and from said point of beginning; running thence South 13° 21' 30"
East along the westerly side of East Shore Road 87.05 feet to land of
Bruno Spokas; running thence along the northerly and westerly side of
land of Bruno Spokas the following 3 courses and distances:

1. North 86° 26' 40" West 34.58 feet;
2. South 53° 50' West 186.24 feet;
3. South 15° 59' 30" West 81.66 feet to Huntington Harbor; running
   thence along Huntington Harbor the following courses and distances:

   South 68° 34' 30" West 74.16 feet;
   South 60° 01' 20" West 76.11 feet;
   South 48° 32' 40" West 40.03 feet;
   South 33° 41' 20" West 19.83 feet;
   South 07° 35' 40" East 45.40 feet;
   Due South 64 feet;
   North 53° 31' 50" West 28.60 feet;
   North 17° 27' 10" West 94.47 feet;
   North 53° 04' 20" West 32.23 feet;
   North 39° 08' West 25.15 feet;
   North 23° 38' 50" West 22.53 feet;
   North 15° 51' 20" West 27.63 feet;
   North 11° 01' 40" West 27.08 feet;
   North 06° 03' 30" West 34.90 feet;
   North 02° 07' 10" West 25.52 feet;
   North 00° 45' 30" West 59.76 feet;
   North 02° 46' 50" East 32.69 feet;
   North 03° 59' 00" East 41.29 feet;
   North 06° 51' 40" East 61.14 feet;
   North 20° 34' 20" East 118.06 feet;
   North 08° 56' 10" East 25 feet to land of M. Gordon; thence along
the southerly line of land of Mr. Gordon South 74° 30' 30" East 141.26
feet to a monument; thence still along the southerly line of land of
M. Gordon South 89° 52' 30" East 164.88 feet to the westerly side of
East Shore Road, the point or place of beginning.

29105



RECEIVED
$
REAL ESTATE
MAY 31 1990
TRANSFER TAX
SUFFOLK COUNTY

EXHIBIT A

110765560

THIS CONVEYANCE is intended to include the riparian rights of the grantor into and to the waters of Huntington Harbor as the same abut the above-described premises.

BEING AND INTENDED TO BE the same premises heretofore conveyed to the grantor by GLORIA R. SMITH by Deed dated January 9, 1989 and recorded in the Office of the Clerk of the County of Suffolk on June 13, 1989 in Liber 10874 Page 469.

TOGETHER with all lands which have or may have accreted to the premises hereinbefore described bordering on Huntington Harbor.

The aforementioned premises being and meant to be a conveyance of all of the right, title and interest of the grantor at so-called Elverson's Point in the Incorporated Village of Huntington Bay.

EXHIBIT A

110761561

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof,

**TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

**TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been incumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

In presence of:

GLORIA M. SMITH REVOCABLE TRUST

BY: _____
GLORIA M. SMITH, TRUSTEE UNDER
AGREEMENT DATED JANUARY 9, 1989

BY: _____
DANA SMITH, TRUSTEE UNDER
AGREEMENT DATED JANUARY 9, 1989

EXHIBIT A

11070/562

STATE OF NEW YORK, COUNTY OF  SUFFOLK          ss:

On the 23RD day of  APRIL    19 90 , before me
personally came  GLORIA M. SMITE and
DANA SMITH

to me known to be the individuals described in and who
executed the foregoing instrument, and acknowledged that
they executed the same.

NOTARY PUBLIC

STATE OF NEW YORK, COUNTY OF          ss:

On the      day of          19   , before me
personally came
to me known, who, being by me duly sworn, did depose and
say that   he   resides at No.

that   he is the
of                          , the corporation described
in and which executed the foregoing instrument; that   he
knows the seal of said corporation; that the seal affixed
to said instrument is such corporate seal; that it was so
affixed by order of the board of directors of said corpora-
tion, and that   he signed h   name thereto by like order;

STATE OF NEW YORK, COUNTY OF          ss:

On the      day of          19   , before me
personally came

to me known to be the individual   described in and who
executed the foregoing instrument, and acknowledged that
he executed the same.

STATE OF NEW YORK, COUNTY OF          ss:

On the      day of          19   , before me
personally came
the subscribing witness to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that   he resides at No.

that   he knows
to be the individual
described in and who executed the foregoing instrument;
that   he, said subscribing witness, was present and saw
execute the same; and that   he, said witness,
at the same time subscribed h   name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO.

GLORIA M. SMITH AND DANA SMITH,
AS TRUSTEES OF THE GLORIA M.
SMITH REVOCABLE TRUST
DANA SMITH, AS TRUSTEE OF THE
GLORIA M. SMITH TEN YEAR GRANTOR
RETAINED INCOME TRUST

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS

Distributed by

**CHICAGO TITLE
INSURANCE COMPANY**

| DISTRICT | 0402 |
|---|---|
| SECTION | 002.00 |
| BLOCK | 03.00 |
| LOT | 614.000 |
| COUNTY OR TOWN | SUFFOLK, HUNTINGTON |

Recorded at Request of
CHICAGO TITLE INSURANCE COMPANY

Return by Mail to

WILLIAM J. BERNSTEIN, ESQ.
700 VETERANS MEMORIAL HIGHWAY
HAUPPAUGE, NEW YORK  Zip No. 11788

EDWARD P. ROMAINE
CLERK OF
SUFFOLK COUNTY

RECORDED

EXHIBIT A

# EXHIBIT "D"

EXHIBIT 

RECORDING REQUESTED BY:

94 2185352

When Recorded Mail Document
and Tax Statement To:

Dana Smith
26664 Sea Gull Drive #B216
Malibu, CA. 90265

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
4   MIN.   8  AM DEC 8 1994
    PAST

Escrow No.
Title Order No.

APN: 4466 79-4/      CORRECTION      **GRANT DEED**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

FEE $10
2

The undersigned grantor(s) declare(s):
Documentary transfer tax is $_____ City tax $ _____
    [  ] computed on full value of property conveyed, or
    [  ] computed on full value less value of liens or encumbrances remaining at time of sale,
    [  ] Unincorporated Area    City of _____

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
OCI MORTGAGE CORPORATION

hereby GRANT(S) to
DANA SMITH, A SINGLE WOMAN AS TO AN UNDIVIDED 50% INTEREST AND DANA SMITH TRUSTEE OF THE
GLORIA M. SMITH TEN YEAR RETAINED INCOME TRUST AS TO AN UNDIVIDED 50% INTEREST

the following described real property in the City of
County of Los Angeles                                            State of California:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

This Grant Deed is being recorded to correct the buyer's vesting regarding Grant
Deed dated November 15,1994 as Instrument No. 94-2114572 with Documentary Transfer
Tax collected in the amount of $ 266.20
DATED: December 5,1994

OCI MORTGAGE CORPORATION

By: _____

By: _____

STATE OF CALIFORNIA
COUNTY OF TEXAS
ON _____ before me,
_____ personally appeared

personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the
instrument.

SONJA M. PLUMMER
Notary Public
State Of Texas
My Comm. Exp. May 10, 199

Witness my hand and official seal.

Signature _Sonja M. Plummer_

MAIL TAX STATEMENT AS DIRECTED ABOVE

ATD-13 (Rev 4/94)                    GRANT DEED

EXHIBIT A

EXHIBIT A

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

A)   AN UNDIVIDED 1/104TH INTEREST IN AND TO LOT 1 OF TRACT NO.
37848, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 1046 PAGE(S) 55 TO 58
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT THEREFROM THE 104 UNITS DELINEATED ON THE CONDOMINIUM
PLAN RECORDED JANUARY 23, 1989 AS INSTRUMENT NO. 89-116141 OF
OFFICIAL RECORDS.

B)   UNIT 216 AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO
CONDOMINIUM PLAN.

PARCEL 2:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF A PARKING SPACE, OVER AND ACROSS THAT
PORTION OF LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED
AS "EXCLUSIVE USE COMMON AREA" P-E-1 (AND) P-E-2 ON THE ABOVE
REFERENCED CONDOMINIUM PLAN.

PARCEL 3:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF STORAGE, OVER AND ACROSS THAT PORTION OF
LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED AS
"EXCLUSIVE USE COMMON AREA" S-37 ON THE ABOVE REFERENCED
CONDOMINIUM PLAN.

PARCEL 4:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF A BALCONY, OVER AND ACROSS THAT PORTION OF
LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED AS
"EXCLUSIVE USE COMMON AREA", BEARING THE SAME NUMBER OF THE UNIT
FOLLOWED BY THE LETTER "B", ON THE ABOVE REFERENCED CONDOMINIUM
PLAN.

EXCEPT THEREFROM ANY PORTION OF THE ABOVE DESCRIBED PROPERTY
BELOW THE LINE OF NATURAL ORDINARY HIGH TIDE.

ALSO EXCEPT THEREFROM, ALL MINERALS, OIL, PETROLEUM, ASPHALTUM,
GAS, COAL AND OTHER MINERAL AND HYDROCARBON SUBSTANCES AND WATER
LYING IN, ON, WITHIN, UNDER AND THAT MAY BE PRODUCED OR
EXTRACTED FROM SAID LAND, TOGETHER WITH THE SOLE AND EXCLUSIVE
RIGHT TO DRILL INTO, UNDER, ACROSS AND THROUGH SAID PROPERTY AT
DEPTHS BELOW 500 FEET FROM THE SURFACE THEREOF FOR THE PURPOSE
OF PROSPECTING FOR, DEVELOPING AND EXTRACTING SUCH SUBSTANCES
IN, ON, WITHIN, UNDER AND THAT MAY BE PRODUCED FROM SAID LANDS
AND EVERY PART THEREOF, AND IN, ON, WITHIN, UNDER AND THAT MAY
BE PRODUCED FROM ANY OTHER LAND IN THE AREAS PROVIDED, HOWEVER,
THAT THIS DEED SHALL NEITHER GRANT NOR SHALL IT BE CONSTRUCTED
AS GRANTING, UNTO GRANTEE, THE RIGHT TO GO UPON THE SURFACE OF
SAID LAND TO TAKE, RECOVER SUCH SUBSTANCES, AS GRANTED IN DEED,
RECORDED FEBRUARY 27, 1974 AS INSTRUMENT NO. 2656, OFFICIAL
RECORDS.

94 2185352

EXHIBIT A

# EXHIBIT "E"

EXHIBIT 

RECORDING REQUESTED BY

94 2185353

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name    Dana Smith
Address  26664 Sea Gull Drive #B216
City &   Malibu, CA. 90265
State

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
4   MIN.   8   A.M. DEC 8 1994
    PAST

TT-104 (Rev. 6/94) G

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

APN No. _____   Title No. _____   Escrow No. _____   | FEE $30 | R |
                                                                  | APN 94  | 2 |

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
            DOCUMENTARY TRANSFER TAX is $ _____        CITY TAX $
            ☐ computed on full value of property conveyed, or
            ☐ computed on full value less value of liens or encumbrances remaining at time of sale,
            ☐ Unincorporated area:  ☐ City of _____ , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
DANA SMITH TRUSTEE OF THE GLORIA M. SMITH TEN YEAR RETAINED INCOME TRUST

hereby remise, release and forever quitclaim to
DANA SMITH, A SINGLE WOMAN

the following described real property in the

County of    Los Angeles        , State of California:
THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN R & T 11911"
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

Re: 26664 Seagull Way #B216
        Malibu, CA.
Dated: December 5, 1994

_____  Trustee

DANA SMITH, TRUSTEE

State of California
County of Kings
On December 6, 1994 before me, ___Jeanette Bertal___ (here insert name) Notary Public,
personally appeared ___Dana Smith Trustee___
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me all that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.
WITNESS my hand and official seal.

JEANETTE BERTAL
Notary Public, State of New York
No. 43-4966527
Qualified in Richmond County
Commission Expires _____

Signature _____

affix seal within border

MAIL TAX STATEMENTS AS DIRECTED ABOVE.

EXHIBIT A

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

A)  AN UNDIVIDED 1/104TH INTEREST IN AND TO LOT 1 OF TRACT NO.
37848, IN THE CITY OF MALIBU, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 1046 PAGE(S) 55 TO 58
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

EXCEPT THEREFROM THE 104 UNITS DELINEATED ON THE CONDOMINIUM
PLAN RECORDED JANUARY 23, 1989 AS INSTRUMENT NO. 89-116141 OF
OFFICIAL RECORDS.

B)  UNIT 216 AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO
CONDOMINIUM PLAN.

PARCEL 2:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF A PARKING SPACE, OVER AND ACROSS THAT
PORTION OF LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED
AS "EXCLUSIVE USE COMMON AREA" P-E-1 (AND) P-E-2 ON THE ABOVE
REFERENCED CONDOMINIUM PLAN.

PARCEL 3:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF STORAGE, OVER AND ACROSS THAT PORTION OF
LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED AS
"EXCLUSIVE USE COMMON AREA" S-37 ON THE ABOVE REFERENCED
CONDOMINIUM PLAN.

PARCEL 4:

AN EXCLUSIVE EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR ALL
USES AND PURPOSES OF A BALCONY, OVER AND ACROSS THAT PORTION OF
LOT 1 OF SAID TRACT NO. 42107 DEFINED AND DELINEATED AS
"EXCLUSIVE USE COMMON AREA", BEARING THE SAME NUMBER OF THE UNIT
FOLLOWED BY THE LETTER "B", ON THE ABOVE REFERENCED CONDOMINIUM
PLAN.

EXCEPT THEREFROM ANY PORTION OF THE ABOVE DESCRIBED PROPERTY
BELOW THE LINE OF NATURAL ORDINARY HIGH TIDE.

ALSO EXCEPT THEREFROM, ALL MINERALS, OIL, PETROLEUM, ASPHALTUM,
GAS, COAL AND OTHER MINERAL AND HYDROCARBON SUBSTANCES AND WATER
LYING IN, ON, WITHIN, UNDER AND THAT MAY BE PRODUCED OR
EXTRACTED FROM SAID LAND, TOGETHER WITH THE SOLE AND EXCLUSIVE
RIGHT TO DRILL INTO, UNDER, ACROSS AND THROUGH SAID PROPERTY AT
DEPTHS BELOW 500 FEET FROM THE SURFACE THEREOF FOR THE PURPOSE
OF PROSPECTING FOR, DEVELOPING AND EXTRACTING SUCH SUBSTANCES
IN, ON, WITHIN, UNDER AND THAT MAY BE PRODUCED FROM SAID LANDS
AND EVERY PART THEREOF, AND IN, ON, WITHIN, UNDER AND THAT MAY
BE PRODUCED FROM ANY OTHER LAND IN THE AREAS PROVIDED, HOWEVER,
THAT THIS DEED SHALL NEITHER GRANT NOR SHALL IT BE CONSTRUCTED
AS GRANTING, UNTO GRANTEE, THE RIGHT TO GO UPON THE SURFACE OF
SAID LAND TO TAKE, RECOVER SUCH SUBSTANCES, AS GRANTED IN DEED,
RECORDED FEBRUARY 27, 1974 AS INSTRUMENT NO. 2656, OFFICIAL
RECORDS.

94  2185353                          EXHIBIT A

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name

Address

City &
State

IT-104 (Rev. 6/94) Ω

——— SPACE ABOVE THIS LINE FOR RECORDER'S USE ———

## QUITCLAIM DEED

APN No.                    Title No.                    Escrow No.

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
            DOCUMENTARY TRANSFER TAX is $                CITY TAX $
            ☐ computed on full value of property conveyed, or
            ☐ computed on full value less value of liens or encumbrances remaining at time of sale,
            ☐ Unincorporated area:  ☐ City of                                    , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

DANA SMITH,

hereby remise, release and forever quitclaim to
DANA SMITH, A SINGLE WOMAN AS TO AN UNDIVIDED 50% INTEREST AND DANA SMITH TRUSTEE OF THE
GLORIA M. SMITH TEN YEAR RETAINED INCOME TRUST AS TO AN UNDIVIDED 50% INTEREST

the following described real property in the

County of   LOS ANGELES              , State of California:

### SEE ATTACHED LEGAL DESCRIPTION

#### MARKED EXHIBIT "A"

Dated: DECEMBER 9, 1994

January 12, 1995

_____          _____
                                          DANA SMITH

State of New York

County of Kings                                               } ss.

On January 12 1995 before me, _____ Jeanette Beital _____ (here insert name) Notary Public,

personally appeared   Dana Smith
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal.

                              JEANETTE BEITAL
                         Notary Public, State of New York
                                 No. 43-4966527
                         Qualified in Richmond County
Signature _____          Commission Expires _____

—— affix seal within border ——

MAIL TAX STATEMENTS AS DIRECTED ABOVE.

EXHIBIT A

# EXHIBIT "F"

EXHIBIT A

Property Tax Payment Inquiry





Los Angeles County
## Treasurer and Tax Collector



Property Tax Payment Inquiry

**Last updated Monday March 17, 2014**

Assessor ID Number: 4460-019-041    Year: 13    Seq. No.: 000

**ELECTRONIC FUND TRANSFER (EFT) NUMBER**
ID#: 19 4460 019 041 5    YEAR: 13    SEQUENCE: 000 5

| Installment 1 | | | Installment 2 | |
|---|---|---|---|---|
| Tax Amount | $2,104.53 | | Tax Amount | $2,104.52 |
| Penalty Amount | $210.45 | | Pen/Cost Amount | $0.00 |
| Total Due | $2,314.98 | | Total Due | $2,104.52 |
| Paid Amount | $0.00 | | Paid Amount | $0.00 |
| Balance Due | $2,314.98 | | Balance Due | $2,104.52 |
| Delinquent If Not Paid By | 12/10/2013 | | Delinquent If Not Paid By | 04/10/2014 |

Message:

# Defaulted Tax Roll

**Last updated Monday March 17, 2014**

| | | | | |
|---|---|---|---|---|
| AIN Number | 4460-019-041 | 5-Pay Account Number | | |
| Default Year | 2013 | 5-Pay Status | | |
| Redemption Amount | $0.00 | 5-Pay Installment Amount Due | | |
| Monthly Penalty Amount | $0.00 | 5-Pay Due Date | | |
| Amount Paid | $2,440.84 | 5-Pay Installment Paid | | |
| Last Payment Date | 11/30/2013 | | | |

Message:
STATE LAW REQUIRES THAT WE APPLY PAYMENTS TO COSTS, PENALTIES AND THE BALANCE TO TAXES. IF YOU HAVE
QUESTIONS, PLEASE CALL US TOLL-FREE AT (888) 807-2111.

**Tax Status: CURRENT**



For telephone inquiries visit us at ttc.lacounty.gov for a list of telephone numbers.
Our business hours are 8:00 a.m. to 5:00 p.m. (Pacific), Monday through Friday, excluding Los Angeles County holidays.
Our office is located on the first floor at the Kenneth Hahn Hall of Administration, 225 North Hill Street, Los Angeles, CA 90012.

Terms of Use  |  Privacy & Security Policy

©2002-2014 Los Angeles County Treasurer and Tax Collector. All Rights Reserved.

EXHIBIT A

# EXHIBIT "G"

EXHIBIT A

**TIVOLI COVE HOMEOWNERS**
C/O Westcom Property Services
20631 Ventura Boulevard Suite 202
Woodland Hills, CA 91364

Office Hours: Monday–Friday 8:30 AM–5:00 PM
Property Manager: Evan Ancker
Phone: 818-587-9500
Fax: 818-713-0723 or 818-587-9539
After Hours Emergency: 818-374-7968

February 19, 2014

Dana Smith
Gloria Smith
26664 Seagull Way #B216
Malibu, CA 90265

Re: Notice of Delinquency
Property:   26664 Seagull Way #B216
Account #: TI-0186-0065-01

Dear Dana Smith;

This office represents TIVOLI COVE HOMEOWNERS ("Association"). It has come to our attention that you owe the Association past due Association assessments and collection costs in the amount of $1,977.16 as of February 19, 2014. This amount is itemized in the attached account itemization and does not include your next assessment.

The Association's collection practices are as follows: If an owner is delinquent in the payment of his/her dues, the Association will mail a collection letter to the delinquent owner by mail. The managing agent's fee to prepare and mail such a collection letter is $55.00. If no payment has been received within thirty (30) days from the mailing of such collection letter, the Association will then begin the legal process to record an Assessment lien against the delinquent owner's unit. The managing agent's fee to prepare the lien is $265.00. If no payment is received within thirty (30) days after the recording of said lien, the Association intends to file a lawsuit for foreclosure and money judgment or commence non-judicial proceedings to foreclose on the lien once all statutory requirements are met. The managing agent's fee to begin the foreclosure process is $295.00.

Unless your arrearage of $1,977.16 (including collection costs as authorized by your CC&Rs) are paid within thirty (30) days from the date of this letter, the Association intends to proceed with the process of recording a lien on your property. Should the Association record a lien, you may be liable for additional collection fees and costs, in addition to the principle owed.

## THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Pursuant to Civil Code Section 5650 and 5675 and the CC&Rs, the reasonable attorney's fees and collection costs incurred by the Association in attempting to collect the delinquent assessments are chargeable to the delinquent owner.

## IMPORTANT NOTICE: IF YOUR SEPARATE INTEREST IS PLACED IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR ASSESSMENTS, IT MAY BE SOLD WITHOUT COURT ACTION.

## YOU HAVE A RIGHT TO INSPECT THE ASSOCIATION RECORDS PURSUANT TO CORPORATIONS CODE SECTION 8333.

## UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING THAT YOU DISPUTE THIS DEBT, OR ANY PORTION OF IT, WITHIN THIRTY (30)

02/19/2014-0186-17091


EXHIBIT A

DAYS, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. IF IT IS DETERMINED THE ASSESSMENT WAS PAID ON TIME TO THE ASSOCIATION, YOU WILL NOT BE LIABLE TO PAY THE CHARGES, INTEREST, AND COSTS OF COLLECTION.

YOU MAY SUBMIT A WRITTEN REQUEST TO MEET WITH THE BOARD TO DISCUSS A PAYMENT PLAN. IF YOUR REQUEST IS MAILED WITHIN FIFTEEN (15) DAYS OF THE DATE OF THIS NOTICE, THE BOARD WILL MEET WITH YOU IN EXECUTIVE SESSION WITHIN FORTY-FIVE (45) DAYS OF THE POSTMARK OF YOUR REQUEST. IF THERE IS NO REGULARLY SCHEDULED BOARD MEETING WITHIN THAT PERIOD, THE BOARD MAY DESIGNATE A COMMITTEE OF ONE OR MORE MEMBERS TO MEET WITH YOU.

YOU HAVE THE RIGHT TO DISPUTE THE ASSESSMENT DEBT BY SUBMITTING A WRITTEN REQUEST FOR DISPUTE RESOLUTION TO THE ASSOCIATION PURSUANT TO THE ASSOCIATION'S "MEET AND CONFER" PROGRAM.

YOU ALSO HAVE THE RIGHT TO REQUEST ALTERNATIVE DISPUTE RESOLUTION WITH A NEUTRAL THIRD PARTY BEFORE THE ASSOCIATION MAY INITIATE FORECLOSURE AGAINST THE OWNER'S SEPARATE INTEREST, EXCEPT THAT BINDING ARBITRATION SHALL NOT BE AVAILABLE IF THE ASSOCIATION INTENDS TO INITIATE A JUDICIAL FORECLOSURE.

THE ASSOCIATION HEREBY OFFERS YOU, AND THUS FULFILLS ITS OBLIGATION TO OFFER YOU, INTERNAL DISPUTE RESOLUTION ("IDR"), PURSUANT TO THE ASSOCIATION'S "MEET AND CONFER" PROGRAM, PRIOR TO RECORDING A LIEN AGAINST YOUR PROPERTY.

Furthermore, we must advise you of the following:

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

Please make all payments to the Association in care of this office at the above address. The same address may be used for overnight payment of assessments. Should you have questions regarding this notice, please contact our office at (818) 587-9500.

Sincerely,

02/19/2014-0186-17091


EXHIBIT A

M. Jimenez
Authorized Agent

02/19/2014-0186-17091

EXHIBIT A

**TIVOLI COVE HOMEOWNERS**
C/O Westcom Property Services
20631 Ventura Boulevard Suite 202
Woodland Hills, CA 91364

Office Hours: Monday – Friday 9-5 Pm
Property Manager: Evan Ancker
Phone: 818-587-9500
Fax: 818-713-0723
After Hours Emergency:

Dana Smith
Gloria Smith
26664 Seagull Way #B216
Malibu, CA 90265

Re: Notice of Delinquency
Property:   26664 Seagull Way #B216
Account #: TI-0186-0065-01

| Outstanding Charges as of February 19, 2014 | |
|---|---|

| | |
|---|---|
| 12/19/2012 Notice of Default | 30.12 |
| 01/03/2013 Late Charge | 10.00 |
| 01/21/2013 LIEN INIT | 235.00 |
| 02/01/2013 Late Charge | 10.00 |
| 03/04/2013 Late Charge | 10.00 |
| 04/02/2013 Late Charge | 10.00 |
| 04/17/2013 Non Sufficient Funds | 30.00 |
| 05/02/2013 Late Charge | 10.00 |
| 05/16/2013 Move-In Fee | 100.00 |
| 05/16/2013 Move-Out Fee | 100.00 |
| 06/03/2013 Late Charge | 10.00 |
| 07/17/2013 Notice of Default | 45.00 |
| 09/03/2013 Late Charge | 10.00 |
| 12/01/2013 Monthly Dues | 1.02 |
| 01/01/2014 Monthly Dues | 650.51 |
| 02/01/2014 Monthly Dues | 650.51 |
| 02/03/2014 Late Charge | 10.00 |
| 02/19/2014 Pre-Lien Notice | 55.00 |
| | 1,977.16 |

**Balance Due:**   $1,977.16

---

***CUT ON PERFORATION TO DETACH COUPON AND RETURN IT WITH YOUR PAYMENT***

--------------------------------------------------------------------------------

<u>Make Check Payable to:</u>
**TIVOLI COVE HOMEOWNERS**
C/O Westcom Property Services
20631 Ventura Boulevard Suite 202
Woodland Hills, CA 91364

Property:      26664 Seagull Way #B216
Account:      TI-0186-0065-01
Date:          02/19/2014
Balance Due: $1,977.16

Dana Smith
Gloria Smith
26664 Seagull Way #B216
Malibu, CA 90265

<u>Send Remittance To:</u>
**TIVOLI COVE HOMEOWNERS**
C/O Westcom Property Services
20631 Ventura Boulevard Suite 202
Woodland Hills, CA 91364

02/19/2014-0186-17091


EXHIBIT A

# EXHIBIT "H"

EXHIBIT A 

MEMORANDUM DECISION

INDEX No. 10-41326

## SUPREME COURT - STATE OF NEW YORK
## I.A.S. PART 33 - SUFFOLK COUNTY

*PRESENT:*

Hon. THOMAS F. WHELAN
Justice of the Supreme Court

MOTION DATE 12/1/10
ADJ. DATES     12/3/10
Mot. Seq. # 001 - MG;
CDISP Y   X   N

-------------------------------------------------X

In the Matter of the Application of ANNE L.
PEACE, INC.,

                                    Petitioner,

For an order discharging of record a certain
mortgage recorded in the Suffolk County Clerk's
Office in Liber 18228, Page 236, held by Dana
Smith and The Gloria M. Smith Grantor ten year
retained income trust,

                                    Respondents.

-------------------------------------------------X

BRIAN P. NEARY, PC
Atty. For Petitioner
50 Elm St.
Huntington, NY 11743

*GLORIA M. SMITH*
Trustee for Gloria M. Smith Grantor Trust
167 East Shore Rd.
Huntington, NY 11743

DANA SMITH
Respondent Pro Se
167 East Shore Rd.
Huntington, NY 11743

The petitioner commenced this special proceeding for a judgment discharging of record a mortgage held by respondent, Dana Smith and respondent, Gloria M. Smith as trustee of the Gloria M. Smith Grantor Trust, is considered under RPAPL § 1921 and is granted without opposition.

Submit Judgment upon a copy of this order, together with a copy of the subject mortgage, the assignment to the petitioner and the respective recording pages issued by the Suffolk County Clerk.

DATED: 12/22/10

THOMAS F. WHELAN, J.S.C.


EXHIBIT A

# EXHIBIT "I"

EXHIBIT A

**Office of the Treasurer of Suffolk County**
**Angie M. Carpenter, Treasurer**

Make check payable and mail to:

Suffolk County Treasurer
330 Center Drive
Riverhead, NY 11901-3311

## Official Statement of Taxes in Arrears

Return this entire statement with your remittance

Bill To:

MARKOTSIS & LIEBERMAN
183 BROADWAY, SUITE 210
HICKSVILLE, NY 11801

| Total Amount Due |
|---|
| 256,532.48 |

| Amount Remitted | Full or Partial | Apply to tax year(s) |
|---|---|---|
| $ | | |

Office Hours: Monday - Friday  9:00 am - 5:00 pm
Phone: (631) 852-3000          Fax: (631) 852-3825

| Town | Parcel ID Number | Land Value | Building Value | Full Value | Property Location |
|---|---|---|---|---|---|
| HUNTINGTON | 0402.00200.0300.014000.0000 | 6000 | 13500 | 19500 | 167 E SHORE RD HUNTINGTON 11743 |

| Date Bill Printed | Interest Effective Date | Statement No. | Customer ID No. | Current Owner | Assessed Owner |
|---|---|---|---|---|---|
| 02/14/2014 | 02/14/2014 | 1563426 | 000291040 | SMITH, DANA 167 E SHORE RD | SMITH, DANA 167 E SHORE RD |

| Tax Year Ctrl# | Base Tax | 5% Penalty | Base Tax & 5% Penalty Total | Interest % Rate | Sale Adv. Cost. | Sale Lien Amount | Redemption Int. % Rate | Redem Adv. Cost. | Fees* | Amount Due | If Paid By Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | | | | 11% | | | 36% | | | | |
| 1349 | 35,306.45 | 1,765.32 | 37,071.77 | 4,077.90 | 20.00 | 41,169.67 | 14,821.08 | 12.00 | | 56,002.75 | 12/10/2013 |
| 2011 | | | | 11% | | | 30% | | | | |
| 1443 | 46,926.77 | 2,346.34 | 49,273.11 | 5,420.04 | 20.00 | 54,713.15 | 16,413.94 | | | 71,127.09 | 06/09/2014 |
| 2012 | | | | 11% | | | 18% | | | | |
| 1166 | 48,755.58 | 2,437.78 | 51,193.36 | 5,631.28 | 20.00 | 56,844.64 | 10,232.03 | | | 67,076.67 | 06/07/2014 |
| 2013 | | | | 11% | | | 6% | | | | |
| 1461 | 50,431.66 | 2,521.58 | 52,953.24 | 5,824.85 | 20.00 | 58,798.09 | 3,527.88 | | | 62,325.97 | 06/08/2014 |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |
| 0 | | | | | | | | | | | |

NOTE: Please be advised: To avoid loss of property 2010 must be paid by 12/10/2013.

| Total Amount Due for this Statement |
|---|
| 256,532.48 |

*Fees - Return Unpaid Check Charge

If not remitting the total amount due, please indicate which Tax Year you are paying. This Office recommends the oldest year be paid first. Acceptance of a partial payment shall not waive enforcement of County Tax Sale Liens, Tax Deeds or any powers of the County of Suffolk.

1662dstu

1230992201490406796230025653246 2

EXHIBIT A

# EXHIBIT "J"

EXHIBIT A

## NOTICE OF TAX LIEN SALE
## VILLAGE OF HUNTINGTON BAY

Pursuant to the Real Property Tax Law of the State of New York the Tax Lien on the real estate described below will be sold at public auction on the 18th of March, 2014 starting at 10 o'clock a.m. continuing until the lien has been sold at the office of the Village Treasurer, at Village Hall, 244 Vineyard Road, in said Village, to discharge unpaid taxes, interest and charges which may be due at the time of the sale.

PARCEL:  Brian & Elizabeth Madden
265 Bay Avenue
Huntington Bay, NY 11743
County Tax Map: 0402-002-02-013.000
Land and Buildings – 1.20 Acres - $3,826.25 plus costs

PARCEL:  Laura Knutson
10 Harbor Hill Drive
Huntington Bay, NY 11743
County Tax Map: 0402-002-02-018.000
Land and Buildings – 1.9 Acres - $5,938.67 plus costs

PARCEL:  Gloria Smith
East Shore Road
Huntington Bay, NY 11743
County Tax Map: 0402-002-03-013.000
Land only - .15Acres - $102.04 plus costs

PARCEL:  Gloria Smith
167 East Shore Road
Huntington Bay, NY 11743
County Tax Map: 0402-002-03-014.000
Land and Buildings – 3.060 Acres - $8,163.12 plus costs

PARCEL:  John Schmid
Bay Avenue
Huntington Bay, NY 11743
County Tax Map: 0402-004-02-012.000
Land and Buildings – .45 Acres - $407.96 plus costs

PARCEL:  John Schmid
Bay Avenue
Huntington Bay, NY 11743
County Tax Map: 0402-004-02-013.000
Land only – .370 Acres - $325.56 plus costs

PARCEL:  Hans & Joanne Schmit
26 Locust Lane
Huntington Bay, NY 11743
County Tax Map: 0402-006-03-001.000
Land and Buildings - .58 Acres - $2,122.41 plus costs

PARCEL:  Lawrence & Jean McMahon
106 Bay Drive
Huntington Bay, NY 11743

EXHIBIT A

County Tax Map: 0402-007-03-022.000
Land and Buildings - .12 Acres - $1,081.61 plus costs

PARCEL: Donlap Fulton
56 Soundview Drive
Huntington Bay, NY 11743
County Tax Map: 0402-007-03-047.001
Land and Buildings - .24 Acres - $1,428.55 plus costs

PARCEL: Edward Duffy
100 Crescent Beach Drive
Huntington Bay, NY 11743
County Tax Map: 0402-008-02-012.000
Land and Buildings - .79 Acres- $2,244.86 plus costs

Each purchaser of a tax lien at such tax sale shall pay the amount due within ten (10) days after the sale and upon payment shall receive a written certificate describing the property tax lien purchased and the sum paid therefor. **Purchasers of tax liens do not acquire ownership of the real property by purchasing referenced tax liens.**

Gail Devol
Village Treasurer

EXHIBIT A

EXHIBIT "K"

EXHIBIT A

# Authorization and Agreement

This Authorization and Agreement dated March 14, 2014 by and between, WESTEY SMITH MANDRIOTA, with an address of 167 East Shore Road, Huntington Bay, New York 11743, TRACEY MCCAULEY, with an address of 1005 Tuscany Drive, Hillsborough, North Carolina 27278, KIMBERLY HYSNI, with an address of 13825 Camino del Suelo, San Diego, California 92129 and DANA SMITH, with an address of 167 East Shore Road, Huntington Bay, New York 11743 (collectively the "**Parties**" and each a "**Party**"), the children of GLORIA M. SMITH, deceased, authorizes Allstate Insurance Company ("**Allstate**") to pay out Allstate Claim No.: 0215-908849 under the Homeowners Policy No. 603-734-981 (the "**Claim**") pursuant to the directions herein.

Allstate is authorized to release the proceeds from the Claim to "**DANA SMITH**."

DANA SMITH, with the assistance of legal counsel is thereafter authorized to use the proceeds of the Claim to pay real estate taxes owed on the premises identified as 167 East Shore Road, Huntington Bay, New York 11743, as follows:

1. Total Owed of $8,265.16 payable to the "**Village of Huntington Bay**" for Village Taxes, and
2. Remaining proceeds from the Claim to the "**Suffolk County Treasurer**" for partial payment of outstanding County Taxes.

If such payments were paid to meet tax authority deadlines by DANA SMITH or another individual or entity prior to receipt of Claim proceeds from Allstate, then DANA SMITH is authorized to reimburse said payor with the Claim proceeds upon receipt of evidence of payment to said taxing authorities.

This Authorization and Agreement may be executed in multiple copies, each of which shall be considered an original. Execution of this Authorization and Agreement by signature sent by facsimile or electronic mail shall be considered a proper execution and binding upon the Party whose signature is sought to be enforced.

[Signature Page to Follow]



EXHIBIT A

[Signature Page to Authorization and Agreement]

IN WITNESS WHEREOF, the undersigned have hereunto set their hand and seal on this 14th day of March, 2014.

_____
WESTEY SMITH MANDRIOTA

_____
TRACEY MCCAULEY

_____
KIMBERLY HYSNI

_____
DANA SMITH

This document was prepared by:    Marino Partners LLP
                                 15 Fisher Lane, Suite 200
                                 White Plains NY 10603
                                 (914) 368-4525

EXHIBIT A

# EXHIBIT "L"

EXHIBIT A

From: "KENTROS, DIANE" <DianeKentos@allstate.com>
Subject: RE: As Per Our Conversation
Date: April 4, 2012 3:33:49 PM EDT
To: Tracey McCauley <tmccauley23@gmail.com>

As per my conversation of today, I was just informing the family that Dana Smith did ask if we could cancel out the claim of August 28, 2011. I informed her at the time that the claim could not be cancelled and we would not take back the check. Once a claim is opened it does stay on the policy and it did not make any sense to cancel it. If you have any other questions, please do not hesitate to contact me.

Diane Kentros
Office Manager
The Cleere Hurley Agency
631 421-4000 Ext. 1

From: Tracey McCauley [tmccauley23@gmail.com]
Sent: Wednesday, April 04, 2012 9:25 AM
To: KENTROS, DIANE
Subject: As Per Our Conversation

Thank you Diane!

Warmest regards and so much appreciation...Tracey McCauley

EXHIBIT A

# EXHIBIT "M"

EXHIBIT A

Tues
May 22 2012
*COURT DATE*
9AM 3rd Dist Hunt
*TIME & DISTRICT*

7011 0110 0001 9546 3070

## SUFFOLK COUNTY DISTRICT COURT
## COMPLAINT FORM

HUSC 158-12
*INDEX NO.*

7011 0110 0001 9546 3087

3-30-12
*DATE MAILED*

THIS FORM MUST BE TYPED OR PRINTED:
CHECK ONE TYPE OF CLAIM: ☒ SMALL CLAIM ☐ COMMERCIAL CLAIM ☐ CONSUMER TRANSACTION
CHECK ONE SESSION: ☒ DAY COURT     ☐ NIGHT COURT

| PLAINTIFF'S NAME AND ADDRESS | DEFENDANT'S NAME AND ADDRESS |
|---|---|
| If plaintiff is a business you must enter your true business name | If defendant is a business you must enter its true business name |
| COLYVAS, NICHOLAS | SMITH, GLORIA |
| *Last Name, First Name or True Business Name* | *Last Name, First Name or True Business Name* |
| 41 GLENNA LITTLE TRAIL | 167 EAST SHORE Rd. |
| *Street Address (NO P.O Boxes)* | *Street Address (NO P.O Boxes)* |
| HUNTINGTON, NY 11743 | HUNTINGTON BAY, NY 11743 |
| *City, State, Zip* | *City, State, Zip* |
| Telephone Number: 631 923-0711 | Telephone Number: 631 549-0356 |
| ☐ Additional Plaintiff ☐ Additional Defendant | ☒ Additional Plaintiff ☐ Additional Defendant |
| | SMITH, DANA |
| *Last Name, First Name or True Business Name* | *Last Name, First Name or True Business Name* |
| | 167 EAST SHORE Rd |
| *Street Address (NO P.O Boxes)* | *Street Address (NO P.O Boxes)* |
| | HUNTINGTON BAY, NY 11743 |
| *City, State, Zip* | *City, State, Zip* |
| Telephone Number: | Telephone Number: 631 487-6863 |

If you need to list more than four parties, submit additional pages as needed, and check here: ☐

CAUSE OF ACTION (CHECK ONE)
- ☐ (5)   PERSONAL INJURIES
- ☐ (10)  PROPERTY DAMAGE
- ☐ (15)  LOSS OF PERSONAL PROPERTY
- ☐ (20)  GOODS SOLD AND DELIVERED
- ☐ (25)  BREACH OF CONTRACT OR WARRANTY
- ☐ (35)  WORK, LABOR AND SERVICES
- ☒ (40)  MONIES DUE
- ☐ (50)  PAYMENT OF LOAN
- ☐ (70)  REFUND ON DEFECTIVE MERCHANDISE
- ☐ (80)  REFUND ON DEFENDANT'S DEFECTIVE WORK,
         LABOR AND/OR SERVICES
- ☐ (85)  OTHER CAUSE OF ACTION AS DETAILED BELOW

STATE DETAILS OF YOUR CLAIM: I was looking for an Apt. they had one
and showed it to me. I gave a $1500.00 deposit on 12/22/10
I was told shortly after that I could not move in, & never got a refund

TOTAL AMOUNT OF DAMAGES: 1500.00

The undersigned acknowledges that he/she has been advised that supporting witnesses, account books, receipts and other documents
required to establish the claim herein must be produced at the hearing. The undersigned further certifies to the best of his/her knowledge,
the defendant is not in the military service.

If this is a complaint filed as a Commercial Claim (UDCA §1803-A), the undersigned certifies that no more than five (5) actions or
proceedings (including the instant action) pursuant to the commercial claims procedure have been initiated in the courts of this state during
the present calendar month.

THIS FORM MUST BE SIGNED IN THE PRESENCE OF A COURT CLERK OR NOTARY

DATED: 3/20/12

_____
*CLERK OR NOTARY*

_____
NM A. C
*PLAINTIFF*

_____
*AS AUTHORIZED AGENT OF PLAINTIFF*

_____
*AS PARENT AND NATURAL GUARDIAN*

DC-283 (10/03)                                                                    16-0994, 10/03RG


EXHIBIT A

EXECUTION        JUDGMENT

10

INDEX #        HUSC 12 0000158

# The People of the State of New York

TO THE SHERIFF OF THE COUNTY OF SUFFOLK, GREETINGS:

WHEREAS, Judgment was rendered on the 7th day of August, 2012 in an action in a District Court in said County, before 3rd District Court Judge between COLYVAS, NICHOLAS, 41 GLENNA LITTLE TRAIL, HUNTINGTON, NY 11743 Plaintiff and
SMITH, DANA, 167 EAST SHORE RD, HUNTINGTON BAY, NY 11743 Defendant
in favor of the said plaintiff against the said Defendant for the sum of $1,598.58 as appears to us by the certified transcript of such Judgment filed and docketed in the office of the Clerk of the County of Suffolk on the 14th day of August, 2012 and the sum of $1,598.58 with interest from 08/07/2012 is now actually due thereon.

Pursuant to subdivision (l) of NYS CPLR §5205, two thousand six hundred and twenty-five dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (l) of NYS CPLR § 5205, is exempt from execution and that the garnishee cannot levy upon or restrain two thousand six hundred and twenty-five dollars in such an account.

Pursuant to subdivision (i) of NYS CPLR§5222, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

NOW THEREFORE WE COMMAND YOU that you satisfy the said Judgment out of the real or personal property and debts due him/her/it of the said Judgment debtor, who is not deceased, within our County; belonging to such Judgment debtor on the day when the said transcript was filed and docketed in your County, or at any time thereafter, in whose hands so ever the same may be, and return this execution within sixty days after its receipt by you to the Clerk of the County of Suffolk.

WITNESS, Hon. Robert W. Doyle, Justice, at the Court House at Riverhead, in said County, the 14th day of August, 2012.

Prospective Sheriff's fees are included in costs

Clerk

I 64561/92Mcc

## Suffolk County Court

COLYVAS, NICHOLAS,
against
SMITH, DANA

EXECUTION AGAINST THE PROPERTY ON
JUSTICE'S JUDGMENT

Sheriff of the County of Suffolk, levy and collect $1,598.58 with interest from the 7th day of August, 2012 besides your fees and $5.00 paid for this execution.

Clerk

Received _____

_____ Sheriff

Filed _____

EXHIBIT A

# EXHIBIT "N"

EXHIBIT A

*TUES*
*JULY 2, 2013*  SUFFOLK COUNTY DISTRICT COURT        *SC - 215 - 13/HU*
**COMPLAINT FORM**

*9:00 AM  3RD DIST a Hunt Station*

**TYPE OR PRINT IN BLACK INK**

CHECK ONE TYPE OF CLAIM: ● SMALL CLAIM   ○ COMMERCIAL CLAIM   ○ CONSUMER TRANSACTION
CHECK ONE SESSION: ● DAY COURT   ○ NIGHT COURT

| PLAINTIFF'S NAME AND ADDRESS | DEFENDANT'S NAME AND ADDRESS |
|---|---|
| If plaintiff is a business you must enter your true business name. | If defendant is a business you must enter its true business name. |
| Tull, Helen | Smith, Gloria |
| Last Name, First Name or True Business Name | Last Name, First Name or True Business Name |
| 48 Oakland Street | 167 E. Shore Road |
| Street Address (PO Box alone is not acceptable) | Street Address (PO Box alone is not acceptable) |
| Huntington, NY 11743 | Huntington, NY 11743 |
| City, State, ZIP | City, State, ZIP |
| Telephone Number: | Telephone Number: |

| ○ Additional Plaintiff    ○ Additional Defendant | ○ Additional Plaintiff    ● Additional Defendant |
|---|---|
| | Smith, Dana |
| Last Name, First Name or True Business Name | Last Name, First Name or True Business Name |
| | 167 E. Shore Road |
| Street Address (PO Box alone is not acceptable) | Street Address (PO Box alone is not acceptable) |
| | Huntington, NY 11743 |
| City, State, ZIP | City, State, ZIP |
| Telephone Number: | Telephone Number: |

If you need to list more than four parties, submit additional pages as needed, and check here: ☐

**CHECK ONE CAUSE OF ACTION:**

☐ (5) PERSONAL INJURIES          ☒ (40) MONIES DUE
☐ (10) PROPERTY DAMAGE          ☐ (50) PAYMENT OF LOAN
☐ (15) LOSS OF PERSONAL PROPERTY   ☐ (70) REFUND ON DEFECTIVE MERCHANDISE
☐ (20) GOODS SOLD AND DELIVERED    ☐ (80) REFUND ON DEFENDANT'S DEFECTIVE WORK,
☐ (25) BREACH OF CONTRACT OR WARRANTY        LABOR AND/OR SERVICES
☐ (35) WORK, LABOR AND SERVICES    ☐ (85) OTHER CAUSE OF ACTION

**BRIEFLY STATE DETAILS OF YOUR CLAIM:**

Defendants' continue to hold Plaintiff's security deposit in the amount of $2,300 despite plaintiff vacating the premises, and leaving it in broom clean condition. At no point have the Defendants' disputed the fact that the premises were left in good condition.

TOTAL AMOUNT OF DAMAGES: $   **$2,300.00**

The undersigned acknowledges that he/she has been advised that **supporting witnesses, account books, receipts and other documents required to establish the claim herein must be produced at the hearing.** The undersigned further certifies to the best of his/her knowledge, the defendant is not in the military service.

If this is a complaint filed as a Commercial Claim (UDCA §1803-A), the undersigned hereby certifies that no more than five (5) actions or proceedings (including the instant action) pursuant to the commercial claims procedure have been initiated in the courts of this state during the present calendar month.

**THIS FORM MUST BE SIGNED IN THE PRESENCE OF A COURT CLERK OR NOTARY**

DATED: 5/15/13

_____        _Helen B Tull_
CLERK OR NOTARY                PLAINTIFF

MICHELE LAMONTANARO
Notary Public, State of New York       AS AUTHORIZED AGENT OF PLAINTIFF
NO. 01LA6160950
Qualified in Suffolk County            AS PARENT AND NATURAL GUARDIAN
Commission Expires February 12, 20___

A FREE DISTRICT COURT FORM
http://nycourts.gov/suffolkdistrict     /s    /is being charged to fill in this form       DC-283 (10/03)

**EXHIBIT A**

# EXHIBIT "O"

EXHIBIT A

DRI: NY 061033J
)rder No: _____
NYSID #: _____
:JTN #: _____

DISTRICT COURT OF SUFFOLK, HELD AT THE COURTHOUSE
LOCATED AT 400 CARLETON AVENUE, CENTRAL ISLIP, NEW YORK, 11722

**ORDER OF PROTECTION**
FAMILY OFFENSES CPL§530.12
OTHER DOMESTIC VIOLENCE CRIMES CPL §530.13

Present. Honorable **Chris Ann Kelley**

PEOPLE OF THE STATE OF NEW YORK          *District Court Judge*

vs.  Dana Smith  4/16/55
   DEFENDANT NAME          DATE OF BIRTH

☐ Youthful Offender *(check if applicable)*

Part D32   DOCKET No. 2012S002275S

Charges  P L 240.26 1

[Check box]  ☑ EX PARTE  ☐ DEFENDANT PRESENT IN COURT

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

☑ TEMPORARY ORDER OF PROTECTION. Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ☐ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal].

☑ ORDER OF PROTECTION. Whereas defendant has been convicted of *(specify)* _____

And the Court having made a determination in accordance with §530.12 or §530.13 of the Criminal Procedure Law, it is hereby ORDERED that the above-named defendant observe the following conditions of behavior: *[check applicable paragraphs and subparagraphs :*

[1] ☐ Stay away from [A]☐ *[name(s) of protected persons or witness(es)*
and/or from the [B]☐ home of _____
            [C]☐ school of _____
            [D]☐ business of _____
            [E]☐ place of employment of _____
            [F]☐ other *[specify]* _____

[4] ☐ Refrain from communication or any other contact or by mail, telephone, e-mail, voice-mail or other electronic or any other means with *[specify protected person(s)]*:

[2] ☑ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense against [specify name(s) of protected person(s), members of protected person's family or household, or person(s) with custody of child(ren):  Westley Smith

[16] ☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s) [specify type(s) and, if available, name(s)]: _____

[11] ☐ Permit the defendant to enter the residence at *[specify]*: _____
during *[specify date/time]*: _____ with Suffolk Police or Sheriffs to remove personal belongings not in issue in litigation *[specify items]*: _____

[4] ☑ Refrain from: acts of violence or threats of such that create an unreasonable risk to the health, safety, or welfare of *[specify child(ren)*, family or household member(s) :  Westley Smith

[5] ☐ Permit [Specify individual(s)]: _____
entitled by a court order or separation or other written agreement, to visit with *[specify child(ren)]*: _____
_____ during the following periods of time [specify] _____ under the following terms and conditions *[specify]* _____

[12] ☑ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following:  ALL WEAPONS          and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event, later than release from custody at The nearest Police Precinct or to the Police Officer or Deputy Sheriff serving this order:

[39] ☑ Refrain from purchasing, consuming, possessing or being under the influence of any illegal drug or alcohol while in the presence of (specify) child(ren), family or household member(s)  Westley Smith

[39] ☐ Observe other condition(s) as are necessary [specify conditions]: _____

[39] ☑ Subject to any subsequent Supreme Court or Family Court order of custody and/or visitation.   xxxx

[13] ☑ IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13A] ☑ suspended or [13B] ☐ revoked *(final order only)*, and/or [13C] ☑ the Defendant shall not purchase or attempt to purchase any firearm and shall remain ineligible to receive a firearm license during the period of this order *[Check all applicable boxes]*.

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including [specify date]: 4-15-14

Dated: 4 / 15 /13   Time: 2 50 PM          _____
                                              District Court Judge # 90
                                              (COURT SEAL)

☐ Defendant advised in Court of issuance and contents of Order.
☐ Order personally served on Defendant in Court _____
                                              (Defendant's signature)
☐ Order served by other means [specify]: _____
☐ Warrant issued for Defendant
☐ ADDITIONAL SERVICE INFORMATION: [specify] _____

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize, and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.

Federal law requires that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 U.S.C. §§2265, 2266).

It is a federal crime to:
* cross state lines to violate this or to stalk, harass or commit domestic violence against an intimate partner or family member;
* buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this order remains in effect.
* buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired and/or stalking, is in effect (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A 2262)

CRIMINAL FORM 1 10/09

EXHIBIT A

# EXHIBIT "P"

EXHIBIT A

SUPREME COURT : STATE OF NEW YORK
COUNTY OF SUFFOLK

WESTEY SMITH MANDRIOTA and TRACEY
ALLYSON McCAULEY,

                     Plaintiffs,

-against-

DANA A. SMITH, individually and as sole Trustee
of the Gloria M. Smith Grantor Ten Year Retained
Income Trust, and KIMBERLY SMITH HYSNI,

                     Defendants.

_AMENDED_

VERIFIED COMPLAINT

Index # 05796/10

 

Plaintiffs, by their attorney, Patrick Lanigan, as and for their Complaint herein, allege as
follows:

1 That Westey Smith Mandriota is a natural person residing at 167 East Shore Road
Huntington, New York 11743.

2. That Tracey Allyson McCauley is a natural person residing at 1005 Tuscany Drive,
Hillsborough, North Carolina 27278.

3. That Dana A. Smith is a natural person, residing 167 East Shore Road, Huntington, New
York 11743.

4. That Kimberly Smith Hysni is a natural person residing at 13825 Canino Del Suelo, San
Diago, California 92129.

5. That on April 23, 1990, Gloria M. Smith, the natural mother of the Plaintiffs and Defendants
herein, established the Gloria M. Smith GrantorTen Year Retained Income Trust (the Trust). A
true and complete copy of the Trust agreement is annexed hereto and made part hereof as Exhibit
A.

6. That the Trust was irrevocable, its purpose being to avoid Estate Tax upon the Grantor's
death, and was established for a ten year period or to terminate upon the death of the Grantor
should that occur before the ten years had elapsed.

7. That income from the trust was to be distributed to the Grantor at least annually during
year period.

1

EXHIBIT A

8. That the corpus of the trust, originally two real properties located in New York State, was to be distributed equally amongst the parties to this action at the end of the ten year period.

9. That the Defendant, Dana A. Smith (the Trustee) was named as the sole Trustee under the Trust.

10. That the ten year term of the Trust expired on April 22, 2000, and no distribution has been made by the Trustee.

11. That during the ten year term and to the present day the Trustee has render either no accounting or at best sketchy accounting of her management of the Trust property.

12. That, upon information and belief, on at least one occasion the Trustee co-mingled Trust funds with her personal funds.

13. That, upon information and belief, on a least one occasion the Trustee was using Trust monies to benefit her own interests, not that of the Trust.

14. That on or about July 7, 2008, a formal written demand was mailed to the Trustee by the three other distributes demanding that she fulfill her obligations under the Trust and make the distribution pursuant to the terms of the Trust.

15. That no reply was received from the Trustee in response to that demand.

16. That the Trustee has never explained the reasons for her failure to distribute the Trust corpus nor has she affirmatively stated that she has no intention of ever making the distribution.

17. That, upon information and belief, the Trustee has secreted herself somewhere within or without New York State and has not communicated with any of the other distributes either directly or through counsel since receiving the aforesaid demand.

18. That the Trustee's actions have given rise to fears that there have been more improprieties in her handling of the Trust than the Plaintiffs have knowledge of.

19. That all of the Parties with an interest in the Trust are parties hereto, one of the distributes, Kimberly Smith Hysni, being named as a nominal Defendant.

20. There are no other persons other than those named herein with an interest in this proceeding.

21. That no previous application has been made to this Court or any other Court or Tribunal for this or similar relief.

Wherefore, Plaintiffs pray that:

2

EXHIBIT A 

a) this Court will forthwith issue an Order restraining and enjoining the Trustee, Dana A. Smith, from dissipating, selling, encumbering or otherwise interfering with Trust property other than the distribution prayed for in "b)" below;

b) this Court will forthwith issue an Order directing the Trustee, Dana A. Smith, to distribute such assets and moneys as may be available in the Trust pursuant to the terms and conditions of said Trust as should have been done on April 22, 2000 or, in the alternative, this Court remove the Trustee from her position and appoint a Trustee who will distribute the Trust according to its terms;

c) this Court issue an Order requiring the Trustee, Dana A. Smith, to account to this Court for all of the Trust property and assets which have been received by her from the date of receipt by said Trustee to the date of such account, and;

d) that the Plaintiffs have such other and further relief as to this Court may seem just and equitable.

Dated: Coram, New York
        February 9, 2010

Patrick Lanigan
Attorney for Plaintiffs
52 Sequoia Drive
Coram, New York 11727
(631) 928-9229

3

EXHIBIT A

# EXHIBIT "Q"

EXHIBIT A

# COPY

Index No: 5796-10

## SUPREME COURT - STATE OF NEW YORK
## I.A.S. Part 39 - SUFFOLK COUNTY

PRESENT:

Hon. **DENISE F. MOLIA**,
Justice

WESTEY SMITH MANDRIOTA and TRACEY
ALLYSON McCAULEY,

Plaintiffs,

- against -

DANA SMITH, individually and as sole Trustee of the
Gloria M. Smith Grantor Ten Year Retained Income
Trust, and KIMBERLY SMITH HYSNI,

Defendants.

CASE DISPOSED: YES
MOTION R/D:  10/7/11
SUBMISSION DATE: 7/27/12
MOTION SEQUENCE NO.: 008 MD
010 XMG

ATTORNEY FOR PLAINTIFF
Harold I. Guberman
35 Pinelawn Road, Suite 218E
Melville, New York 11747

ATTORNEYS FOR DEFENDANT
Solomon & Siris, PC
100 Quentin Roosevelt Boulevard
Suite 504
Garden City, New York 11530

Upon the following papers filed and considered relative to this matter:

Order to Show Cause dated September 23, 2011; Affidavit dated September 17, 2011;
Affirmation dated September 22, 2011; Exhibits 1 through 11 annexed thereto; Affirmation in
Opposition dated December 19, 2011; Affidavit in Opposition dated December 20, 2011;
Exhibits annexed thereto; Notice of Cross Motion dated December 27, 2011; Affirmation in
Opposition dated December 27, 2011; Exhibits annexed thereto; Reply Affidavit dated January
16, 2012; Affirmation in Support dated January 18, 2012; Exhibits 12 through 21; Reply
Affidavit dated July 25, 2012; Exhibits annexed thereto; Reply Affirmation dated August 1,
2012; and upon due deliberation; it is

*ORDERED,* that the motion by plaintiffs, for an Order (1) appointing a Temporary
Receiver to accept all future income of the Gloria M. Smith Grantor Ten Year Retained Income
Trust and to pay the expenses of the Trust as they arise; (2) directing the defendant, Dana Smith,
to turn over all assets of the Gloria M. Smith Grantor Ten Year Retained Income Trust, now in
her possession to the said Temporary Receiver; (3) to have the Receiver account to the parties of
the assets and liabilities of said Trust on a regular basis during the pendency of this action; and
(4) awarding to the plaintiff, Westey Smith-Mandriotta, a counsel fee in the sum of $10,000.00
for the prosecution of this application; is denied; and it is further

*ORDERED,* that the cross motion by defendants, pursuant to CPLR 3211, for an Order
dismissing the Amended Verified Complaint as time-barred, and for failure to join a necessary

1

RST

EXHIBIT A

party, is granted.

It appears that Gloria M. Smith created an irrevocable Ten Year Retained Income Trust, entitled the Gloria M. Smith Grantor Ten Year Retained Income Trust, under Agreement dated April 23, 1990. The Trust named Dana Smith, daughter of Gloria M. Smith as Trustee. The residence occupied by Gloria M. Smith and several of her family members located at 167 East Shore Road, Huntington, New York, as well as proceeds from the sale of other real property was placed in the Trust. The terms of the Agreement provide that Gloria M. Smith was the sole income beneficiary, and at the end of ten years, the Trust proceeds were to be divided between the Gloria's four children, plaintiffs Westey Smith Mandriota and Tracey Allyson McCauley, and defendants Dana A. Smith and Kimberly Smith Hysni. Gloria Smith retained a life estate in the premises for herself.

At the center of the matter is the home in which Gloria Smith resides, along with her daughter Westey, her son-in-law, and two minor granddaughters. Defendant Dana Smith is also currently residing at the premises on a temporary basis. The manner in which the Trust was administered by Dana Smith appears to have been consistent from the establishment of the Trust until the time that the instant action was commenced. There is no indication that the plaintiffs complained of, or found fault with the administration of the Trust between 1990 and 2010, during which time Mandriota and her family resided at the premises rent free. Nor is there any indication that the parties sought a distribution of the Trust proceeds during that twenty year period.

The plaintiffs now seek the appointment of a Receiver to manage the Trust, alleging that Dana Smith has failed to properly administer the Trust by, *inter alia*, failing to distribute the Trust proceeds, making a late payment for Village real estate taxes, and permitting the electrical service to be interrupted.

The defendants counter that it was the actions of the plaintiffs that interfered with her payment of certain bills, all of which were paid when she received notice of same. Dana Smith opposes the appointment of a Receiver and also seeks a dismissal of the action as untimely pursuant to the Statute of Limitations and for failure to join Gloria M. Smith as a necessary party. The defendants are entitled to a dismissal of the action, inasmuch as the matter was not commenced in a timely manner, and cannot proceed without the participation of Gloria M. Smith, a necessary party to the action.

Plaintiffs contend that on or about April 23, 2000 when the Trust expired, Dana Smith, as Trustee, was required to distribute the corpus of the Trust, including the subject premises, to Gloria Smith's four children in equal shares. However, such action did not take place and none of Gloria's children raised any concerns about the manner in which the Trust was being administered until 2010.

In general, an action seeking an accounting, as seems to be the plaintiff's request here, is equitable in nature and governed by a six year statute of limitations. Hartnett v. New York City Transit Authority, 200 A.D.2d 27; Chung v. Kim, 170 A.D.2d 232. Under the circumstances presented, the Complaint was not served or filed until 2010, approximately four years beyond the six year statutory time period, thereby requiring that the action be dismissed in its entirety. See, Matter of Kaszirer v. Kaszirer, 286 A.D.2d 598, 730 N.Y.S.2d 87. In addition, the plaintiffs' action must be dismissed for failure to join Gloria M. Smith, who as the beneficial owner of the

2

EXHIBIT A

subject premises with a retained life estate therein, is an indispensable party without whom the action cannot proceed. See, Fagan v. Nowitz, 65 A.D.3d 1184, 886 N.Y.S.2d 437. It is also noted that the plaintiffs have failed to submit sufficient proof to establish a proper case for the appointment of a Receiver. There has been no showing here that, absent the establishment of a receivership, the plaintiffs would suffer an irreparable loss. See, In re Armienti, 309 A.D.2d 659, 767 N.Y.S.2d 2.

     The foregoing constitutes the Order of this Court.

Dated: September 28, 2012

Hon. Denise F. Molia<br>
HON. DENISE F. MOLIA   J.S.C.

EXHIBIT A

# EXHIBIT "R"

EXHIBIT A

From: "Westey Smith" <westeysmith@gmail.com> ✎
Subject: FW: Letter for Allstate Homeowners Insurace Claim
Date: March 15, 2014 5:25:45 PM EDT
To: "'Tracey'" <tmccauley23@gmail.com>
Cc: <kimberlyhysni@gmail.com>

1 Attachment, 70 KB

Tracey - Dana's lawyer had your hotmail account, not gmail, and when I sent
my email - it said "not delivered" to your hotmail account.
Here is my response to Dana's attorney.
Should I forward this to our Atty (George and Doug)?


From: Westey Smith [mailto:westeysmith@gmail.com]
Sent: Saturday, March 15, 2014 5:16 PM
To: 'George Kontogiannis'; 'Dana Smith'
Cc: 'FBruno@marinollp.com'; 'tmcauley23@hotmail.com'; 'kimberlyhysni@gmail.com';
'Westey Smith'
Subject: RE: Letter for Allstate Homeowners Insurace Claim
Importance: High

Dear Mr. Kontogiannis,
Thank you for your email correspondence.

Mr. Kontogiannis, I am not comfortable having the Allstate check for
$15,272.65 made payable to "Dana Smith". I have a few questions which I
hope you will answer please.

1. Why is the Allstate claim check not being made payable to name on the
Homeowners Policy, Dana Smith as Trustee?
2. Why is Dana only making arrangements to get payment for the
$15,272.65 check? What about the Life Insurance proceeds for $50,000?
3. If you are advising Dana *not* to accept the Allstate check(s) if made
payable to Dana Smith as Trustee, can you please explain why?


EXHIBIT A

4. Are any of your fees, or related costs, being paid from the proceeds of the Allstate check?

5. Is Dana Smith, or any other 3rd party, going to being reimbursed from the Allstate proceeds for payment of your fees or any other related costs?

6. If there are other costs or fees that will be paid for or deducted from the Allstate proceeds, will you please provide that information to us? As beneficiaries of the Trust named on these Allstate policies,

I believe we have a right to receive full disclosure on this proposed transaction, with itemized details of any costs or fees to be deducted from the Allstate proceeds.

Your email states that you have been retained by Dana Smith, to assist with the trust and estate matters in connection with Gloria M. Smith and 167 East Shore Road, Huntington, New York. Have you been retained by Dana Smith to assist with more than this single Allstate Homeowner's Claim? If you have been retained by Dana to assist with other Trust and Estate matters, then Dana must have given you the necessary information and documentation required to properly address these matters, including a copy of the Trust as well as the Homeowners Policy information that is currently in the name of Dana Smith as Trustee for the Gloria M. Smith Ten Year Grantor Retained Income Trust. The Deed for the Huntington property is in the name of Dana Smith as Trustee for the Gloria M. Smith Ten Year Grantor Retained Income Trust, so the Homeowner's Policy is titled to match the Deed. You should also have been informed that the same Trust is the Beneficiary of our mother's Allstate Life Insurance policy. And that irrevocable Trust names me and my three sisters as Beneficiaries.

In addition to the Homeowner's Claim for $15,272.65, Allstate has been eager and waiting to make payment on the Life Insurance Claim, since June 2013, for $50,000 payable to Dana Smith as Trustee. We have all been advised by Allstate Claims that the Homeowner's claim check and the Life Insurance claim check must be made payable to Dana Smith as Trustee.

Last year, in March 2013, Dana accepted and deposited two Allstate Claim



EXHIBIT A

checks for storm-related property damage for $5181.14 and $1949.63, issued by Allstate per the Homeowner's Policy, payable to Dana Smith, as Trustee. Those checks were endorsed by Dana, signed "Dana Smith as Trustee", and deposited by Dana on March 7, 2013. 100% of the funds from those two checks were used last year to pay the Huntington Bay taxes for 2012. I think you might understand our confusion and concern as to why Dana has been refusing to accept the remaining outstanding Allstate checks if they are made payable to Dana Smith as Trustee. She will not explain why. Is there some hidden agenda here? As beneficiaries of the Trust, don't we have a right to know or be informed? Dana has been refusing to answer our questions since June 2013 and we feel like we are intentionally being kept in the dark while Dana has complete control and access to these Allstate funds that we are in dire need of. Suffolk County had extended the payment deadline for the 2010 tax lien on the Huntington property to Jan. 31, 2014. That deadline has now passed and Dana is still not taking action to get *all* of the Allstate funds to pay the 2010 tax lien?

Why is Dana not asking you to address the Life Insurance Claim check for $50,000? We continue to incur extensive interest, fees and penalties and we are now facing possible tax lien foreclosure. We don't understand why Dana has been refusing to accept all of the outstanding funds due from Allstate so we can protect the Huntington property from tax lien foreclosure proceedings. To ensure that Dana would be able to accept and deposit the Allstate checks as Trustee, I had met with Mala Kumar at Bank of America on Main Street in Huntington in August 2013. Ms. Kumar assured me that it would take only 30 minutes to open a Trust Bank Account with a new Tax I.D. number and that Dana, as Trustee, would only need to present her own I.D. and a copy of the Trust document. I have advised Dana of this on multiple occasions. I went to Bank of America because Allstate's checks are usually issued from a Bank of America account so the funds should clear quickly for us.
Why is Dana opposed to doing this?

Again, if you are advising Dana not to accept any of the Allstate checks if



EXHIBIT A

they are made payable to Dana Smith as Trustee, can you please explain why?

I look forward to hearing from you and am hopeful that you will answer our questions which could serve to help us reach an agreement to secure the pending claim proceeds from Allstate.

Sincerely,

Westey Smith Mandriota


**From:** George Kontogiannis [mailto:gk@marinollp.com]
**Sent:** Friday, March 14, 2014 3:02 PM
**To:** 'westeysmith@gmail.com'; 'tmcauley23@hotmail.com'; 'kimberlyhysni@gmail.com'; 'Dana Smith'
**Subject:** Letter for Allstate Homeowners Insurace Claim


Dear Ms. Mandriota, Ms. McCauley, Ms. Hysni, Ms. Smith,

Dana Smith has retained me to assist her with the trust and estate matters in connection with Gloria M. Smith and 167 East Shore Road, Huntington, New York. Attached please find an authorization letter I prepared at the request of Allstate Homeowner's Insurance to authorize them to release the Homeowner's Policy Claim to pay for outstanding property taxes.  Please review and execute same so that we can furnish the letter to Allstate today to receive the proceeds to pay the taxes.

Thank you,

George

George Kontogiannis


EXHIBIT A

**MARINO PARTNERS LLP**

15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: gk@marinollp.com | www.marinollp.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain proprietary information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the original message. Thank you.


PDF
20140314.A....pdf (70 KB)

EXHIBIT A

From: Kimberly Hysni <kimberly@hysnilaw.com>
Subject: FW: Letter for Allstate Homeowners Insurace Claim
Date: March 15, 2014 11:42:11 AM EDT
To: "'Tracey McCauley'" <tmccauley23@gmail.com>,
    <tmcauley23@hotmail.com>
Cc: <westeysmith@gmail.com>

Tracey- seems this did not go through to you so am sending again.
Pls confirm receipt?
xo

From: Kimberly Hysni [mailto:Kimberly@hysnilaw.com]
Sent: Saturday, March 15, 2014 10:37 AM
To: 'George Kontogiannis'
Cc: 'Dana Smith'; 'tmcauley23@hotmail.com'; 'westeysmith@gmail.com'
Subject: RE: Letter for Allstate Homeowners Insurace Claim

Mr. Kontogiannis,

As I understand the many tax arrearages pending, the Suffolk County Taxes in
arrears of approx. $57k are way more urgent and critical to pay now than the
Huntington Bay tax bill for the past year that was due in July, 2013.  I will not
authorize Dana to be the recipient of funds because of trust issues but would
authorize an attorney bound by an agreement to pay whatever funds can be
made available from Allstate, including our Mother's life insurance proceeds,
going first to pay the Suffolk County taxes in arrears, and then second, if there is
any remaining balance, towards the funeral bill.

Thank you,

Kimberly Hysni

From: George Kontogiannis [mailto:gk@marinollp.com]


EXHIBIT A

**Sent:** Friday, March 14, 2014 2:02 PM
**To:** 'westeysmith@gmail.com'; 'tmcauley23@hotmail.com'; 'kimberlyhysni@gmail.com';
'Dana Smith'
**Subject:** Letter for Allstate Homeowners Insurace Claim

Dear Ms. Mandriota, Ms. McCauley, Ms. Hysni, Ms. Smith,

Dana Smith has retained me to assist her with the trust and estate matters in
connection with Gloria M. Smith and 167 East Shore Road, Huntington, New York.
Attached please find an authorization letter I prepared at the request of Allstate
Homeowner's Insurance to authorize them to release the Homeowner's Policy
Claim to pay for outstanding property taxes.   Please review and execute same so
that we can furnish the letter to Allstate today to receive the proceeds to pay the
taxes.

Thank you,

George

George Kontogiannis

MARINO PARTNERS LLP
15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: gk@marinollp.com | www.marinollp.com

This message is intended only for the use of the individual or entity to which it is addressed, and may
contain proprietary information that is privileged, confidential, and exempt from disclosure under
applicable law. If the reader of this message is not the intended recipient, please be aware that any
dissemination, distribution or copying of this communication is strictly prohibited. If you have received
this communication in error, please notify the sender and delete the original message. Thank you.

EXHIBIT 

**From:** George Kontogiannis <gk@marinollp.com>
**Subject:** Re: **REVISED**Letter for Allstate Homeowners Insurance Claim
**Date:** March 14, 2014 10:04:02 PM EDT
**To:** Joe G <uwjoe3@verizon.net>
**Cc:** Westey Smith <westeysmith@gmail.com>,
"kimberlyhysni@gmail.com" <kimberlyhysni@gmail.com>, Tracey
McCauley <tmccauley23@gmail.com>, Dana Smith
<dsmith100w@yahoo.com>, Franca Bruno
<FBruno@marinollp.com>, George Kontogiannis

Thank you. George

Sent from my iPhone

On Mar 14, 2014, at 9:21 PM, "Joe G" <uwjoe3@verizon.net> wrote:

> Please confirm receipt of message below and reply ASAP to Franca Bruno
> (fbruno@marinollp.com). Signed documents are needed by tomorrow to
> facilitate resolving the Allstate claim check and tax payments.
>
>
>
> Begin forwarded message:
>
> **From:** Dana Smith <dsmith100w@yahoo.com>
> **Date:** March 14, 2014 3:56:18 PM EDT
> **To:** Joe G <uwjoe3@verizon.net>, "jgrasso@harttins.com"
> <jgrasso@harttins.com>
> **Subject: Fw: **REVISED**Letter for Allstate Homeowners Insurance
> Claim**
> **Reply-To:** Dana Smith <dsmith100w@yahoo.com>
>
>
> This e-mail transmitted, ( including any attachments), may contain
> legally privileged and confidential information intended solely for
> the use of the intended recipient ( the person or entity to which it is
> addressed ). Any unauthorized reading, distribution, copying,
> review, retransmission, dissemination or other use of this e-mail (or
> its attachments) is strictly prohibited.  If you are not the intended



EXHIBIT A

recipient, you should immediately contact the sender ,stop reading
this message and delete the material from any computer.

----- Forwarded Message -----
**From:** Franca Bruno <FBruno@marinollp.com>
**To:** "westeysmith@gmail.com" <westeysmith@gmail.com>; "tmcauley23@hotmail.com"
<tmcauley23@hotmail.com>; "kimberlyhysni@gmail.com" <kimberlyhysni@gmail.com>;
"dsmith100w@yahoo.com" <dsmith100w@yahoo.com>
**Cc:** George Kontogiannis <gk@marinollp.com>
**Sent:** Friday, March 14, 2014 3:34 PM
**Subject:** **REVISED**Letter for Allstate Homeowners Insurance Claim

Dear Ms. Mandriota, Ms. McCauley, Ms. Hysni, Ms. Smith,

Attached please find a revised authorization letter that we prepared at the
request of Allstate.  Please delete the previous version and replace it with the
attached.  Kindly review and execute same so that we can furnish the letter to
Allstate today.  Thank you.

Sincerely,

Franca Bruno, Paralegal

MARINO PARTNERS LLP
15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: fbruno@marinollp.com | www.marinollp.com

This message is intended only for the use of the individual or entity to which it is addressed, and
may contain proprietary information that is privileged, confidential, and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient, please be aware
that any dissemination, distribution or copying of this communication is strictly prohibited.  If you
have received this communication in error, please notify the sender and delete the original
message. Thank you.

<20140314.Agreement.Allstate.Finalver2.0.pdf>


EXHIBIT A

From: Tracey McCauley <tmccauley23@gmail.com>
Subject: Re: **REVISED**Letter for Allstate Homeowners Insurance Claim
Date: March 14, 2014 7:12:00 PM EDT
To: Franca Bruno <FBruno@marinollp.com>
Cc: "kimberlyhysni@gmail.com Kim" <kimberlyhysni@gmail.com>,
      Westey Smith <westeysmith@gmail.com>
Bcc: Tracey McCauley <tmccauley23@gmail.com>, Neofitos George
      <gn@mlesq.com>

Dear Ms. Bruno,

I am a little confused about this email and the document you want my sisters and
I to sign.
Please clarify if you are an Allstate representative and who you are representing.
I would like to know the name of the Allstate person who requested you to
prepare the revised authorization document and letter to us.
Furthermore, you did not mention what the amount of the remaining funds which
is.  I would like to see a complete breakdown of the total funds in question here.
I cannot sign anything until I see full disclosure and I know the exact amount of
the total funds we are talking about.

Thank you,
Tracey McCauley

On Mar 14, 2014, at 4:07 PM, Franca Bruno wrote:

> Ms. McCauley
>
> Please see email below and attached.  We had inadvertently sent it to an
> incorrect email.  Thank you.
>
> Sincerely,
>
> **Franca Bruno, Paralegal**
>
> MARINO PARTNERS LLP



EXHIBIT A

15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: fbruno@marinollp.com | www.marinollp.com

**From:** Franca Bruno
**Sent:** Friday, March 14, 2014 3:35 PM
**To:** 'westeysmith@gmail.com'; 'tmcauley23@hotmail.com';
'kimberlyhysni@gmail.com'; 'dsmith100w@yahoo.com'
**Cc:** George Kontogiannis
**Subject:** **REVISED**Letter for Allstate Homeowners Insurance Claim

Dear Ms. Mandriota, Ms. McCauley, Ms. Hysni, Ms. Smith,

Attached please find a revised authorization letter that we prepared at the
request of Allstate.  Please delete the previous version and replace it with the
attached.  Kindly review and execute same so that we can furnish the letter to
Allstate today.  Thank you.

Sincerely,

**Franca Bruno, Paralegal**

**MARINO PARTNERS LLP**
15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: fbruno@marinollp.com | www.marinollp.com

This message is intended only for the use of the individual or entity to which it is addressed, and may
contain proprietary information that is privileged, confidential, and exempt from disclosure under
applicable law. If the reader of this message is not the intended recipient, please be aware that any
dissemination, distribution or copying of this communication is strictly prohibited. If you have
received this communication in error, please notify the sender and delete the original message.
Thank you.

<20140314.Agreement.Allstate.Finalver2.0.pdf>

EXHIBIT A

From: Franca Bruno <FBruno@marinollp.com>
Subject: FW: **REVISED**Letter for Allstate Homeowners Insurance Claim
Date: March 14, 2014 4:07:58 PM EDT
To: "tmccauley23@gmail.com" <tmccauley23@gmail.com>

1 Attachment, 70 KB

Ms. McCauley

Please see email below and attached.  We had inadvertently sent it to an incorrect
email.  Thank you.

Sincerely,

Franca Bruno, Paralegal

MARINO PARTNERS LLP
15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: fbruno@marinollp.com | www.marinollp.com

**From:** Franca Bruno
**Sent:** Friday, March 14, 2014 3:35 PM
**To:** 'westeysmith@gmail.com'; 'tmcauley23@hotmail.com'; 'kimberlyhysni@gmail.com';
'dsmith100w@yahoo.com'
**Cc:** George Kontogiannis
**Subject:** **REVISED**Letter for Allstate Homeowners Insurance Claim

Dear Ms. Mandriota, Ms. McCauley, Ms. Hysni, Ms. Smith,

Attached please find a revised authorization letter that we prepared at the
request of Allstate.  Please delete the previous version and replace it with the
attached.  Kindly review and execute same so that we can furnish the letter to
Allstate today.  Thank you.

Sincerely,


EXHIBIT A

**Franca Bruno, Paralegal**

*MARINO PARTNERS LLP*

15 Fisher Lane, Suite 200, White Plains, NY 10603
Office: 914-368-4525  Fax: 914-368-4527
Email: fbruno@marinollp.com | www.marinollp.com

This message is intended only for the use of the individual or entity to which it is addressed, and may contain proprietary information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the original message. Thank you.


PDF

20140314.A....pdf (70 KB)



COPY

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------x
In the Matter of:

    Gloria M. Smith, Grantor      File No.: 2013-3264/B


----------------------------------------x
                    July 28, 2015
                    320 Centre Drive
                    Riverhead, NY  11901

    BEFORE:    HON. JOHN M. CZYGIER, JR.
                Judge, Surrogate's Court

  APPEARANCES:    MARKOTSIS & LIEBERMAN, PC
                Attorney for Petitioner
                BY:  GEORGE NEOFITOS, ESQ.

                NOELLE DILLON, ESQ.
                Attorney for the Respondent
                BY:  NOELLE DILLON, ESQ.

                KRISTI SMITH, Petitioner

                TRACY MCCAULEY, Petitioner

                KIMBERLY DIXON, Petitioner

                DANA SMITH, Respondent


TRANSCRIBER:  LISA A. PREVITI

_____

_____
          ALL STAR REPORTERS, INC.
            15 Verbena Ave.
          Floral Park, NY  11001
           (800)  329-9222

EXHIBIT B

1     previously on the first bankruptcy filing, I'm

2     not interested in conducting an entire hearing

3     and the Bankruptcy Court telling us, by the

4     way, you're violating x, y, z reason, which

5     we're not really sure at this time what it is,

6     and whitening it all out, and then we have to

7     do it all over again.

8          So, yes, you described my position

9     very well.

10          JUDGE CZYGIER, JR.:  All right,

11     look.  I have my own feelings about this based

12     on my knowledge of the history of the case.  I

13     kind of think this latest bankruptcy filing is

14     a hollow sham, okay?  Ms. Dillon, I think you

15     should listen to me.  I think this is a

16     concerted effort by your client to frustrate

17     the administration of this Trust and frustrate

18     the functions of this Court.

19          Quite frankly, I don't understand

20     the end game here.  I don't understand your

21     client's end game by delaying, delaying,

22     delaying.  I don't know, are they going to

23     discover oil on this property?  You have an

24     equal share, all boats rise with the tide.

25     You got people who are going to sell this

EXHIBIT B

1    doesn't ring true for me to have you say that

2    your client is concerned about the tax

3    implications when she was the one who failed

4    to pay the real estate taxes for how many

5    years?

6                    MR. NEOFITOS:  Six years now, Your

7    Honor.

8                    JUDGE CZYGIER, JR.:  Six years.  She

9    failed to pay real estate taxes over $250,000

10   in real estate taxes.

11                   MR. NEOFITOS:  Over $330,000.

12                   JUDGE CZYGIER, JR.:  And she's

13   concerned about the tax implications?

14                   MS. DILLON:  If I may, Your Honor?

15   One of the other sisters was living in the

16   house and never made any contributions to it,

17   either.

18                   JUDGE CZYGIER, JR.:  Well, that's -

19   - - maybe that's something we can reckon with,

20   okay?

21                   MR. NEOFITOS:  Your Honor, Ms. Dana

22   Smith's alleged concern for her sisters'

23   welfare and their interest at this point is

24   dubious at best, and far more than that, at

25   worst, she's failed to distribute these assets

EXHIBIT B