AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Movants,
Tracey McCauley, Kimberly Hysni,
and Westey Smith Mandriota, individually,
and in their capacity as co-successor trustees
of the Gloria M. Smith Grantor Ten Year Retained Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In Re: | Case No. 9:15-BK-11523-PC |
|---|---|
| DANA ANNE SMITH, | (Chapter 13 Proceeding) |
| Debtor. | MOVANT, TRACEY MCCAULEY, KIMBERLY HYSNI, AND WESTEY SMITH MANDRIOTA, INDIVIDUALLY, AND IN THEIR CAPACITY AS CO-SUCCESSOR TRUSTEES OF THE GLORIA M. SMITH GRANTOR TEN YEAR RETAINED TRUST'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |

Movants, TRACEY MCCAULEY, KIMBERLY HYSNI, AND WESTEY SMITH MANDRIOTA, INDIVIDUALLY, AND IN THEIR CAPACITY AS CO-SUCCESSOR TRUSTEES OF THE GLORIA M. SMITH GRANTOR TEN YEAR RETAINED TRUST (hereinafter referred to collectively as "Movants") object to confirmation of the Chapter 13 Plan proposed hereunder by Debtor, DANA ANNE SMITH (hereinafter referred to as "Debtor") on the following grounds:

1

1.     Movants are the petitioners in the action pending before the Surrogate's Court of Suffolk County pursuant to NY EPTL §7-2.6 and SCPA §1502(5), assigned file number 3264/2013 (the "Surrogate's Court Action") regarding the administration of the Gloria M. Smith Grantor Ten Year Retained Income Trust (hereafter referred to as the "Trust"). By Order of Court dated, April 8, 2015, Movants were appointed the Co-Successor Trustees of the Trust.

2.     Although Debtor is proposing to pay the Chapter 13 Trustee the sum of $50.00 per month for thirty six (36) months, the Debtor's Plan further proposes in Section I (E) to:

*"liquidate inheritance from mother's estate within one year."*

Movants object to this portion of Debtor's Plan to the extent the Debtor contends that she is empowered to liquidate her inheritance from her mother's estate [or the Trust]. In this regard, as stated in Movants' pending Motion for Relief from Stay set to be heard on September 22, 2015, [See Dckt No. 17] Movants have been empowered to liquidate the Trust by virtue of their appointment, by Order of Court in the Surrogate's Court Action, as Successor Co-Trustees of the Trust. Movants further observe that but for the pending bankruptcy filed by Debtor herein, that has impeded their ability to sell the real property held by the Trust in New York, Movants' would have listed the assets held by the Trust for sale, and anticipated the sale of the Trust's largest asset for as much as four million two hundred thousand dollars ($4,200,000).

3.     Movants further object to the Debtor's Plan to the extent that it would empower the Debtor *"to refinance New York and Malibu Properties."* In this regard, Debtor has no authority, of any kind, to refinance the New York property since that property is owned one hundred (100%) percent by the Trust, and Movants, as Successor Co-Trustees of the Trust intend to proceed with the sale of the subject property so that the threat of sale of the property, by the local New York taxing authorities can be avoided and the payment of any other taxes arising from the sale that may be required by law.

2

4.     Movants further object to the Debtor's Plan to the extent that it represents that the property that is subject to a loan with Seterus and secured by a deed of trust against the real property located at 26664 Seagull Way, Unit B216, Malibu, California, 90265, is the Debtor's principal residence (hereafter referred to as the "Malibu Condo"). In this regard, Movants contend, and a deed confirms, that the Malibu Condo is owned fifty (50%) by the Trust and fifty (50%) by the Debtor. At this stage of the Debtor's bankruptcy proceeding, Movants are informed and believe that the Malibu Condo is subject to one or more claims of tenancy by persons other than the Debtor. In this regard, Movants note that the Debtor's own Plan "reaffirms" a lease agreement to at least fifty (50%) of the available space of the Malibu Condo. Accordingly, at best, the Debtor who reports that her income arises from her management of the Malibu Condo, must necessarily reside elsewhere in order to generate the purported $3,450.00 income to herself, since half of all revenues generated from the rental of the Malibu Condo are payable to the Trust.

5.     Movant further objects to the Debtor's Plan to the extent that it proposes to only pay the Suffolk County Tax Collector Two Hundred Eighty-Two Thousand Seven Hundred and Eleven Dollars and Nine Cents ($282,711.09) when, based on Movants information and belief, the actual tax obligation that the Debtor is proposing to pay is approximately Three Hundred and Fifty-Four Thousand Dollars ($354,000.00).

6.     Movants believe that if they are forced to accept its inclusion under Debtor's Plan, as is presently proposed, the Trust, to which Movants serve as Successor Co-Trustees, will continue to suffer substantial and mounting tax liabilities.

7.     Movant contends that this proceeding was filed in bad faith in that "The Bankruptcy Code requires that a plan be proposed in good faith and not by any means forbidden by law (citations omitted.) A good faith test, however, should examine the

3

intentions of the debtor and the legal effect of the confirmation of a Chapter 13 plan in light of the spirit and purposes of Chapter 13". In Re Chinichian, 784 F.2d 1440 (9th Cir. 1986).

In Re Goeb, 675 F.2d 1386 (9th Cir. 1982) requires the Court to review all facts in determining good faith, including the conduct of the debtor prior to the filing of the petition. The Court can inquire whether the debtor has unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 Plan in an inequitable manner. The good faith test is separate from the best efforts test [In Re Warren, 89 B.R. 87 (BAP, 9th Cir. 1988)] and merely proposing a Plan that is the debtor's best effort does not establish that the plan is confirmable.

WHEREFORE, MOVANT RESPECTFULLY MOVES:

1. That confirmation of this Chapter 13 Plan be denied.

Dated: September 2, 2015

LAW OFFICES OF
AUSTIN P. NAGEL

HYSNI.01

_____
Attorneys for Movants,
Tracey McCauley, Kimberly Hysni,
and Westey Smith Mandriota, individually,
and in their capacity as Co-Successor
trustees of the Gloria M. Smith Grantor Ten
Year Retained Trust

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

111 Deerwood Rd., Suite 305, San Ramon, CA 94583

A true and correct copy of the foregoing document entitled (specify):  MOVANT, TRACEY MCCAULEY, KIMBERLY HYSNI, AND WESTEY SMITH MANDRIOTA, INDIVIDUALLY, AND IN THEIR CAPACITY AS CO-SUCCESSOR TRUSTEES OF THE GLORIA M. SMITH GRANTOR TEN YEAR RETAINED TRUST'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date)  September 2, 2015  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Dana Anne Smith
26664 Seagull Way
Unit B216
Malibu, CA 90265

**Debtor's Counsel**
Jerry Namba, Esq.
504 E. Chapel Street
Santa Maria, CA 93454

**Chapter 13 Trustee**
Elizabeth F. Rojas
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403

**United States Trustee**
U.S. Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

**Judge**
Judge Peter Carroll
United States Bankruptcy Court
1415 State Street, Suite 230
Santa Barbara, CA 93101-2511

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                        F 9013-3.1.PROOF.SERVICE

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 2, 2015 | Melissa Alcorn | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE